*Posted to ECF 2/24/2006*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re McKESSON HBOC, INC. SECURITIES LITIGATION | No. C-99-20743 RMW<br>And Related Cases<br><br>ORDER OVERRULING OBJECTIONS TO FINAL SETTLEMENT AND APPROVING SETTLEMENT<br><br>**[Re Docket Nos. 1411, 1418, 1419, 1426]** |

Lead Plaintiff, the New York State Common Retirement Fund ("Lead Plaintiff") and defendants McKesson Corporation ("McKesson") and McKesson Information Solutions, Inc. ("HBOC")[1] have reached an agreement to settle the present class action suit against McKesson, HBOC, and the "Individual Released Defendants" (Mark Pulido, Richard Hawkins, Heidi Yodowitz, Charles McCall, Jay Gilbertson, Albert Bergonzi, Michael Smeraski, and Jay Lapine). The court has previously given preliminary approval to this partial settlement. *See* Order Overruling Objections to 2d Revised Proposed Final J. & Order of Dismissal & Preliminarily Approving Settlement, Dkt. # 1381. Lead Plaintiff moves for an order directing entry of (1) the [Proposed] Final Judgment and Order of Dismissal ("Proposed Judgment"), and (2) the [Proposed] Order Approving Plan of

---

[1] McKesson and HBOC will be referred to collectively as the "Settling Defendants." The Settling Defendants and Lead Plaintiff will be referred to collectively as the "Settling Parties."

Allocation ("Proposed Allocation").  For the reasons set forth below, Lead Plaintiff's motion is granted.

## I. BACKGROUND

In an order issued on September 8, 2005, this court gave preliminary approval to a proposed settlement agreement in long-running securities class action.  In that order, the court overruled Bear Stearns's objections to the proposed settlement.

On October 14, 2005, the claims administrator previously approved by this court mailed to 28,239 potential class members copies of the settlement notice and claim form (both also previously approved by this court.) *See* Joint Decl. of David R. Stickney & M. Richard Komins in Supp. of Final Approval of Class Action Settlement, the Plan of Allocation, & and Award of Att'ys' Fees & Reimbursement of Expenses ("SKD"), Ex. 2 ¶¶ 2-6.  The claims administrator also published a summary of the terms of the settlement in the *Wall Street Journal* and disseminated the terms over the electronic *PR Newswire*.  *Id*. ¶¶ 13-14.  On November 25, 2005, the claims administrator sent potential class members a supplemental notice to (1) clarify that persons who acquired HBOC common stock before the start of the class period that they exchanged for McKesson stock after the two companies merged were not included in the settlement class and (2) correct an alleged typographical error in the original notice regarding the amount per share recoverable for a certain time period.  *Id*. ¶ 7; Notice of Mot., Mot. & Mem. in Supp. of Mot. for Approval of Class Action ("LPM") at 13.

Within the time allowed, twelve individuals (or groups of individuals with the same mailing address) requested that they be excluded from the proposed settlement.  *See* SKD Exs. 2 ¶ 15, 2-F. Three former employees of the Settling Defendants have objected to the proposed settlement: Larry Greco, Carlton Carden, and J. David Roberts.  *See* Decl. of Thomas V. Christopher in Supp. of Final Approval of Stipulation of Settlement & Opp'n to Objections ("TCD"), Exs. 1-3.  Bear Stearns has continued to object to the proposed settlement.  *See* Def. Bear, Stearns & Co. Inc.'s Mem. of Points & Authorities in Supp. of Objections to Final Approval of Class Action Settlement ("BSO").

On December 8, 2005, Bear Stearns filed in the New York Supreme Court a complaint seeking, *inter alia*, declaratory relief "that McKesson's entry into the settlement constituted a breach

1  of the Engagement Agreement," damages, and an injunction prohibiting "McKesson from
2  consummating the Settlement or taking any act in furtherance of the Settlement, including funding
3  the Settlement, unless the Settlement contains an unconditional and irrevocable release of all claims
4  against Bear Stearns by Lead Plaintiff and the putative class." Compl. at 29, *Bear, Stearns & Co.*
5  *Inc. v. McKesson Corp.*, Index No. 604304/05. The parties have reported that the New York court
6  denied Bear Stearns' application for a preliminary injunction, *see, e.g.*, Letter from Jonathan M.
7  Hoff, Jan. 18, 2006, though that action is still pending, *see* BSO at 15 n.7.

## II. ANALYSIS

### A. Objections of Greco, Carlton, and Roberts

None of the individuals objecting to the settlement complains that the proposed settlement is unreasonable or inadequate as to the members of the settlement class. Rather, each wishes to be included in the settlement class and participate in the recovery. (This in itself is some evidence that the settlement is fair and reasonable—people are fighting to be included in the settlement.)

The operative complaint, Lead Plaintiff's Third Amended and Consolidated Class Action Complaint ("TAC"), excluded "any person who was an officer or a director of HBOC, McKesson or McKesson HBOC" from the class. TAC ¶ 34. The Settling Parties have agreed to define "Officer of HBOC or McKesson" as "any person employed by HBOC or McKesson who held a position at or above the level of assistant vice president." Proposed Judgment ¶ 2. Greco complains that his position of "vice president of pricing and business development in McKesson's pharmaceutical division" was neither an elected position nor one with "significant decision-making" responsibilities. TCD, Ex. A. Greco claims his "'vice president' title was for 'selling appearances.'" *Id*. Likewise, Carden states that his "'desk title' of vice president of product development for the 20 person Computer Telephony Group" should not exclude him from the class. *Id*., Ex. C.

The Settling Parties disagree whether Carden and Greco are included in the settlement class. However, the Settling Parties agree that the settlement should be approved without regard to whether Carden and Greco are included in the settlement class. Lead Plaintiff asserts that Greco and Carden are not included and that they are free to assert their claims against McKesson and HBOC. *See* LPM at 21-22. The Settling Defendants emphatically state that Carden and Greco are included in the

1  settlement class, *see* Mem. of Points & Authorities of Defs. McKesson HBOC, Inc. & HBOC & Co.
2  in Supp. of Final Approval of Stipulation of Settlement & Opp'n to Objections ("MKM") at 12-14.
3  The Settling Defendants' interpretation would foreclose future claims against them by Greco and
4  Carden.

5        Greco's and Carden's objections to approval of the settlement are overruled. A class action
6  cannot in all cases settle all claims of all potential parties. Excluding corporate officers from the
7  plaintiff class in a securities fraud case is reasonable. Otherwise, the defenses atypical of the class
8  members as a whole the defendant corporation may have against its own officers may defeat class
9  certification. *See* Fed.R.Civ.P. 23(a)(3). If Greco and Carden are indeed excluded from the
10 settlement class, the proposed settlement will not impair their ability to file their own suits against
11 the Settling Defendants; if Greco and Carden are included in the settling class, they have no standing
12 to object to the settlement.

13       Roberts complains that the stock options which the Settling Defendants granted him during
14 his employment with them do not entitle him to recover under the proposed settlement. TCD, Ex. 2
15 at 1-2. The Settling Defendants take no position on whether Roberts is included in the settlement
16 class, MKM at 14, presumably because there is no good-faith argument they can make for his
17 inclusion. As Lead Plaintiff points out, Roberts's options were neither publicly-traded securities nor
18 did Roberts pay an artificially-inflated price for them. LPM at 24. As with Greco and Carden, if
19 Roberts is excluded from the settlement class, the proposed settlement will not impair his ability to
20 file his own suit against the Settling Defendants; if Roberts is included in the settling class, he has
21 no standing to object to the settlement.

22       None of the individuals' objections indicates this court should not approve the proposed
23 settlement. The court leaves to the claims administrator, subject to appeal to this court, the question
24 of whether any claimant is within the definition of the class members. However, the court notes that
25 the definition of officer does not exclude "officers" which the board of directors may have appointed
26 pursuant to Section 1 of McKesson's by-laws or Section 3 of HBOC's. Also, it does not appear that
27 option holders whose options were not publicly-traded securities fall within the class definition.
28

**B. Objections of Bear Stearns**

With a few narrow exceptions, the court has already overruled the objections of Bear Stearns; it is thus unnecessary to analyze Bear Stearns's objections again. Bear Stearns admits it is making these objections again to preserve them for appeal. BSO at 1 n.2. The court will therefore address below only those objections it has not previously fully addressed.

**1. Similar situation**

Bear Stearns objects that it is not being treated similarly to similarly-situated defendants, specifically, that the proposed settlement includes other persons—namely, the Individual Released Defendants—who McKesson is contractually required to indemnify. Bear Stearns also points out that some of the Individual Released Defendants have been criminally convicted or civilly sanctioned by the Securities and Exchange Commission in connection with the Merger. However, Bear Stearns was McKesson's outside financial advisor, and is therefore not similarly situated with McKesson, HBOC, or the Individual Released Defendants (each of whom is or was an officer or director of McKesson or HBOC).

The fact that some of the Individual Released Defendants have been criminally convicted or civilly sanctioned emphasizes the differences in the situations of Bear Stearns on one hand and the Settling Defendants and Individual Released Defendants on the other. Given the adverse judgments against certain of the Individual Released Defendants, they would be unlikely to prevail in this action, and their actions would likely be imputed to the Settling Defendants. Conversely, Bear Stearns's liability, if any, would not necessarily be imputed to the Settling Defendants and its potential liability is questionable. That the Settling Defendants may be contractually obligated to indemnify certain claims against both—although for different reasons—the Individual Released Defendants and Bear Stearns is not sufficient to make Bear Stearns similarly situated with the Individual Released Defendants.

**2. 15 U.S.C. § 78u-4(f)(7)(A)**

Bear Stearns only new contention regarding 15 U.S.C. § 78u-4(f)(7)(A) is that the court, when preliminarily approving the settlement, read that statute too broadly by not limiting the proposed bar order to obligations to Lead Plaintiff. BSO at 8 n.6. Bear Stearns claims that the

Private Securities Litigation Reform Act ("PSLRA") does not allow a court to discharge claims between defendants because the second sentence of 15 U.S.C. § 78u-4(f)(7)(A) contains the phrase "to the plaintiff." That section of the PSLRA reads:

> A covered person who settles any private action at any time before final verdict or judgment shall be discharged from all claims for contribution brought by other persons. Upon entry of the settlement by the court, the court shall enter a bar order constituting the final discharge of all obligations to the plaintiff of the settling covered person arising out of the action. The order shall bar all future claims for contribution arising out of the action--
>
> (i) by any person against the settling covered person; and
>
> (ii) by the settling covered person against any person, other than a person whose liability has been extinguished by the settlement of the settling covered person.

15 U.S.C. § 78u-4(f)(7)(A).

Bear Stearns is trying to have the limitation "to the plaintiff" apply to not only the second sentence, but the first and third. There is no logical reason to export this limitation from the second sentence, where it appears, to the rest of the section. Bear Stearns objection on this point is overruled.

**3. Rule 11**

The Proposed Settlement contains a provision that all filings in the settling portion of this litigation satisfied the standards of Rule 11: "The Court finds the complaints filed by Lead Plaintiff in the Litigation, and all responsive pleadings and motions filed in the Litigation by McKesson, HBOC, and Defendants' Released Persons who are, or who have been, named as defendants in the Litigation, were filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure." PFJ ¶ 6. Bear Stearns objects that this violates the PSLRA, which provides:

> In any private action arising under this chapter, upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion.

15 U.S.C.A. § 78u-4(c)(1).

1    Bear Stearns objection is not well taken. This section of the PSLRA, while mandating
2 findings regarding Rule 11 "upon final adjudication of the action," does not prohibit such findings at
3 other times. As one of the goals of the PSLRA was to encourage settlement, it would be
4 counterproductive allow parties to consummate a partial settlement which is final as to them but
5 force them to wait for the litigation as a whole to conclude before the court makes any
6 determinations regarding Rule 11.

7    Bear Stearns also objects to the findings regarding Rule 11 to the extent it is not "limited to
8 the claims brought only against the settling defendants." Obj. at 18. Bear Stearns complains that
9 such breadth is "improper," but cites no authority for this proposition. McKesson does not object to
10 limiting the findings regarding Rule 11 to filings related only "to the claims brought against the
11 settling defendants." McKesson's Resp. to Objections of Bear Stearns to Final Approval of Class
12 Action Settlement at 9. Bear Stearns, though, does not indicate any of the Settling Parties have
13 committed any violations of Rule 11, nor is the court aware of any.[2] Nevertheless, the court
14 construes the findings regarding Rule 11 in the Proposed Judgment to apply only as to the pleadings
15 of the Settling Parties.

16   As Bear Stearns has not shown "it will suffer some plain legal prejudice as a result" of the
17 proposed settlement, *see Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987), none of its
18 objections justify this court withholding approval of the proposed settlement.

19 **C. Criteria for Approval**

20   Federal Rule of Civil Procedure 23(e) lists the criteria for approving a settlement in a class
21 action. The Proposed Judgment adequately addresses these criteria. Therefore, since the court is
22 signing the Proposed Judgment, it does not need to separately address the Rule 23(e) criteria here.

---

28  [2] Furthermore, the court could, at a later date, sanction a Settling Party under 28 U.S.C. § 1927 or its inherent powers without revisiting this finding regarding Rule 11.

### III. ORDER

Bear Stearns objections to the Proposed Settlement are overruled. The Settling Defendants' Proposed Judgment and Proposed Allocation are approved as fair, reasonable, and adequate.

DATED:   2/24/06

/s/ Ronald M. Whyte
RONALD M. WHYTE
United States District Judge

**A copy of this order was mailed on _____ to:**

**Counsel for Plaintiffs:**

Alan Shulman
Robert S. Gans
David R. Stickney
Timothy Delange
Bernstein Litowitz Berger & Grossman LLP
12544 High Bluff Drive, Suite 150
San Diego, CA 92130

Max Berger
Rochelle Feder Hansen
1285 Avenue of the Americas
New York, New York 10019

**Counsel for Defendants:**

James E. Lyons
Timothy A. Miller
Skadden Arps Slate Meagher & Flom
Four Embarcadero Ctr
Ste 3800
San Francisco, CA 94111

Jonathan Lerner
Skadden Arps Slate Meagher & Flom
4 Times Square
New York, NY 10036-6522

Marshall B. Grossman
Gwyn Quillen
Scott Vick
Altschuler Grossman Stein & Kahan LLP
The Water Garden
1620 26th Street
Fourth Floor, North Tower
Santa Monica, CA 90404-4060

Paul Dawes
Jacqueline Molinar
John Minton
Jill Zimmerman
Latham & Watkins
135 Commonwealth Drive
Menlo Park, CA 94025

Counsel are responsible for distributing copies of this order to co-counsel, as necessary.