**FILED**

2007 APR 13   A 10: 00

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

1562

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| In re McKESSON HBOC, INC. SECURITIES LITIGATION | Master File No. 99-CV-20743 RMW (PVT) And Related Cases |
|---|---|
| This Document Relates To:<br><br>ALL ACTIONS. | CLASS ACTION |

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL

---

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL
Master File No. 99-CV-20743 RMW (PVT)

On this 13th day of April, 2007, a hearing having been held before this Court to determine: (1) whether the Settlement should be approved as fair, reasonable and adequate to the Settlement Class, and (2) whether judgment should be entered dismissing on the merits and with prejudice the claims that are, or ever have been, asserted in the Litigation by the New York State Common Retirement Fund (the "Lead Plaintiff") and the Settlement Class against defendant Arthur Andersen LLP ("AALLP");

And it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons and entities reasonably identifiable, except those persons and entities excluded from the definition of the Settlement Class, as shown by the records of McKesson and HBOC at the respective addresses set forth in such records;

And it appearing that a summary notice of the hearing substantially in the form approved by the Court was published once in the national edition of *The Wall Street Journal* and over the *PR Newswire*, pursuant to the specifications of the Court;

And the Court, having considered all matters submitted to it at the hearing and otherwise having determined the fairness and reasonableness of the proposed Settlement of the claims of the Settlement Class Members against AALLP and the Andersen Released Persons;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. For purposes of this Judgment, the Court adopts all defined terms set forth in the Stipulation and Agreement of Settlement between Lead Plaintiff and Defendant Arthur Andersen LLP (the "Stipulation"). The defined terms are indicated by initial capital letters.

2. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Settlement Class Members. The parties to the Settlement are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation. The Settlement Class consists of all persons and entities who purchased or otherwise acquired publicly traded securities of HBOC during the period from January 20, 1997 through and including January 12, 1999, and all persons or entities who purchased or otherwise acquired call options or sold put options of HBOC during the period from January 20, 1997 through and including April 27, 1999, and who were injured thereby; all persons and entities who purchased

or otherwise acquired publicly traded securities or call options, or who sold put options, of McKesson or of McKesson HBOC, Inc. during the period from October 18, 1998 through and including April 27, 1999, and who were injured thereby; and all persons and entities who held McKesson common stock on November 27, 1998 and still held those shares on January 12, 1999 and who were injured thereby. Excluded from the Settlement Class are: (i) all present and former defendants; (ii) members of the immediate family of each individual defendant; (iii) any entity in which any defendant has a controlling interest; (iv) any person who was an officer or a director of HBOC or McKesson (or their subsidiaries or affiliates) during the Settlement Class Period; (v) any person who was an officer, director, employee or affiliate of Bear Stearns & Co. Inc. ("Bear Stearns") during the Settlement Class Period; (vi) any person who was a partner in Arthur Andersen during the Settlement Class Period; and (vii) the legal representatives, heirs, successors or assigns of any such excluded party. "Officer of HBOC or McKesson" means any person employed by HBOC or McKesson who held a position at or above the level of assistant vice president. Also excluded from the Settlement Class are all the Persons and entities listed on Exhibit A attached hereto, each of whom timely filed a valid request for exclusion from the Settlement Class for this Settlement.

3. The Court finds that all elements for maintenance of this Litigation as a class action have been met and confirms certification of the Settlement Class solely for purposes of effectuating this settlement and without prejudice to any Non-Settling Defendant's right to oppose certification of any class for any other purpose in this action. Specifically, the Settlement Class satisfies the numerosity requirement of Rule 23(a)(1); there are common issues of fact and law sufficient to satisfy Rule 23(a)(2); the claims of the Lead Plaintiff are typical of the claims of absent Settlement Class Members, satisfying Rule 23(a)(3); the Lead Plaintiff is an adequate representative of the Settlement Class, satisfying Rule 23(a)(4); common issues predominate over individual issues, satisfying Rule 23(b)(3)(i); and class action treatment of this Litigation is a superior method of proceeding in the matter, satisfying Rule 23(b)(3)(ii).

4. The Court hereby finds that the notice described herein provided the best notice practicable under the circumstances. Said notice provided due and adequate notice of these

proceedings and the matters set forth herein, including the Settlement and the Plan of Allocation, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process. Due and adequate notice of the proceedings has been given to the Settlement Class Members, and a full opportunity has been offered to the Settlement Class to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all members of the Settlement Class who did not elect to exclude themselves by written communication postmarked or delivered on or before March 27, 2007, as required in the Notice of Proposed Settlement and the Order of January 26, 2007, are bound by this Judgment.

5. Upon the Effective Date, the Successor Escrow Agent for the Successor Escrow Account, which contains the Settlement Fund and any net earnings thereupon, shall serve at the direction of Lead Counsel, in consultation with Lead Plaintiff.

6. The Third Amended and Consolidated Complaint ("Complaint") is hereby dismissed on the merits as against AALLP without costs and with prejudice in full and final discharge of any and all claims asserted in the Litigation against AALLP, but not against defendant Bear Stearns. The Court finds the allegations and claims asserted against AALLP in the complaints filed by Lead Plaintiff in the Litigation, and all responsive pleadings and motions filed in the Litigation by AALLP, were filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure.

7. Lead Plaintiff and all Settlement Class Members release all of the Released Claims described in paragraph 16 below, against AALLP and the Andersen Released Persons. Lead Plaintiff and all other Settlement Class Members are permanently barred and enjoined from the institution and prosecution of any action against the Andersen Released Persons in any court asserting any Released Claim. Nothing in this paragraph is intended to release or affect in any way any claims asserted or that could be asserted by Lead Plaintiff or the Settlement Class against Bear Stearns.

8. The Released Claims are hereby ordered compromised, settled, released, discharged and dismissed as to each of the Released Persons on the merits and with prejudice by virtue of the proceedings herein and this Judgment.

9. AALLP releases all of the Released Claims, described in paragraph 16 below, against Lead Plaintiff's Released Persons. AALLP and the Andersen Released Persons are permanently barred and enjoined from the institution and prosecution of any action against Lead Plaintiff, the Settlement Class Members or any other of Lead Plaintiff's Released Persons in any court asserting any Released Claim. Further, AALLP is permanently barred and enjoined from the institution and prosecution of all future claims for contribution arising out of the Litigation against any Person, other than the Andersen Released Persons or any other person whose liability has been extinguished by this Settlement. In addition, AALLP and the Andersen Released Persons are permanently barred and enjoined to the fullest extent permitted by law, from instituting or prosecuting in any court, whether state or federal, or other tribunal, all claims for contribution, known or unknown, direct or indirect, asserted on any theory, however denominated, whether under state or federal law, by which AALLP or the Andersen Released Persons seek to recover from any Non-Settling Defendant any portion of any amount that AALLP or any Andersen Released Person is required to, or agrees to, pay to Lead Plaintiff or to any Settlement Class Member relating in any way to any of the acts, events or occurrences alleged in the Litigation or which could result in any Non-Settling Defendant having to pay any such amount, directly or indirectly, whether such recovery is sought pursuant to any statutory or decisional law, including but not limited to any claim based on § 21D(f)(7)(A) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(f)(7)(A).

10. All Persons (other than AALLP), including any Non-Settling Defendant, are permanently barred and enjoined, to the fullest extent permitted by law, from instituting or prosecuting in any court, whether state or federal, or other tribunal, all claims for contribution, known or unknown, direct or indirect, asserted on any theory, however denominated, whether under state or federal law, by which such Person seeks to recover from AALLP or any of the Andersen Released Persons any portion of any amount such Person is required to, or agrees to,

pay to Lead Plaintiff or to any Settlement Class Member relating in any way to any of the acts, events or occurrences alleged in the Litigation. An appeal by any past or present defendant in the Litigation challenging the inclusion of the Andersen Released Persons in this paragraph shall not itself suspend or delay the Effective Date or distribution of the Net Settlement Amount to the Authorized Claimants, and Lead Plaintiff, Lead Counsel and the Settlement Class Members shall have no liability of any kind for such distribution regardless of the outcome of such appeal, provided the distribution otherwise complies with the terms of the Stipulation.

11. For purposes of calculating the judgment reduction credit for any Non-Settling Defendant under the Private Securities Litigation Reform Act, all Andersen Released Persons shall be deemed to be settling covered persons within the meaning of Section 21D(f)(7)(B)(ii) of the PSLRA.

12. Neither the Stipulation, nor any of its terms and provisions, nor any of the agreements, negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

    a. Offered or received as evidence of or construed as or deemed to be evidence of liability or a presumption, concession or an admission by any of the Released Persons of the truth of any fact alleged or the validity of any claim that has been, could have been or in the future might be asserted in the Litigation or in any litigation, or otherwise against the Released Persons, or of any purported liability, negligence, fault, wrongdoing or otherwise of the Released Persons; or

    b. Offered or received as evidence of or construed as or deemed to be evidence of a presumption, concession or an admission of any purported violation of law, breach of duty, liability, default, wrongdoing, fault, misrepresentation or omission in any statement, document, report or financial statement heretofore or hereafter issued, filed, approved or made by any of the Released Persons or otherwise referred to for any other reason, other than for the purpose of and in such proceeding as may be necessary for construing, terminating or enforcing the Stipulation; or

     c.     Deemed to be or used as an admission of any liability, negligence, fault or wrongdoing of any Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or

     d.     Construed as a concession or an admission that the Lead Plaintiff or the Settlement Class Members have suffered any damage or as an admission or concession that the consideration to be given in the Settlement represents the amount which could be or would have been awarded to Lead Plaintiff or the Settlement Class Members after trial; or

     e.     Construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the Settlement Class Members, or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

13.     Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Judgment.

14.     The finality of this Judgment shall not be affected, in any manner, by rulings that the Court may make on Lead Plaintiff's Plan of Allocation and/or Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses. There shall be no distribution of any of the Settlement Fund to any Settlement Class Member until a plan of allocation is finally approved and is affirmed on appeal or is no longer subject to review by appeal or certiorari, and the time for any petition for rehearing, appeal, or review, by certiorari or otherwise, of the order approving the Plan of Allocation has expired.

15.     "Released Persons" means and includes the "Andersen Released Persons" and the "Lead Plaintiff's Released Persons" as follows:

     a.     "Andersen Released Persons" means AALLP, AWSC Société Coopérative, en liquidation ("AWSC"), an entity which coordinated a network of international accounting firms of which AALLP was a member (the "Andersen Network"), the Andersen Network, and all of their respective past, present and future members, member firms, partners, principals, participating principals, national directors, managing or other agents, management personnel,

1  officers, directors, shareholders, administrators, servants, employees, consultants, advisors,
2  insurers, reinsurers, attorneys, accountants, representatives, parent companies, subsidiaries,
3  related entities, divisions, affiliates, predecessors, successors and assigns, along with the heirs,
4  spouses, estates, executors, administrators, personal representatives, insurers, reinsurers,
5  representatives, estates, successors, and assigns of any such Person.

      b.    "Lead Plaintiff's Released Persons" shall mean and include the Lead Plaintiff, and all other Settlement Class Members, Comptroller of the State of New York, the New York State and Local Retirement Systems and the past, present, or future officers and employees of any of the foregoing and their predecessors, successors and assigns, and the heirs, administrators, executors and personal representatives of each, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each and any person or entity in which the Lead Plaintiff or any other Settlement Class Member has or had a controlling interest or which is or was related to or affiliated with the Lead Plaintiff or any other Settlement Class Member.

      c.    The term Released Persons does not include Bear Stearns, McKesson or HBOC.

16.    "Released Claims" means and includes:

      a.    With respect to the Andersen Released Persons, the release by Lead Plaintiff and all Settlement Class Members of all claims and causes of action of every nature and description, known and unknown, including all claims that have been acquired or may be acquired in the future, whether under federal, state, common or foreign law based upon, arising out of, or relating in any way to investments during the Settlement Class Period (including, but not limited to, purchases, sales, exercises, and decisions to hold) in Settlement Class Securities, including without limitation all claims arising out of or relating to any disclosures, public filings, registration statements, financial statements, audit opinions or other statements by McKesson, HBOC or AALLP, as well as all claims asserted by or that could have been asserted by Lead

1  Plaintiff or any member of the Settlement Class in the Litigation against the Andersen Released
2  Persons.

3        b. With respect to Lead Plaintiff's Released Persons, the release of all claims
4  whether known or Unknown Claims, asserted or unasserted by or on behalf of AALLP against
5  Lead Plaintiff; Comptroller of the State of New York; the New York State and Local Retirement
6  Systems and the past, present, or future officers and employees of any of the foregoing and their
7  predecessors, successors and assigns, and the heirs, administrators, executors and personal
8  representatives of each, Lead Counsel, Settlement Class Members, and all of their past, present or
9  future officers, directors, associates, stockholders, controlling persons, representatives,
10  employees, attorneys, underwriters, financial or investment advisors or agents, heirs, executors,
11  trustees, general or limited partners or partnerships, personal representatives, estates or
12  administrators, which have been or could have been asserted, whether under state, federal,
13  common or adminstrative law, relating to the subject matter of the Litigation, including the
14  institution or prosecution of the Litigation.

15        c. Released Claims do not include any claims that AALLP has asserted or
16  could assert against McKesson, HBOC, or their past or present officers, directors or employees,
17  including without limitation the claims that AALLP has asserted against McKesson and HBOC in
18  the action entitled *Arthur Andersen LLP v. McKesson Corporation, et al.*, pending in the United
19  States District Court for the Northern District of California, San Jose Division (Case No. C-06-
20  02035 (RMW)) or any claims that McKesson or HBOC have asserted or could assert against
21  AALLP or any Andersen Released Persons, including, without limitation, the claims asserted in
22  the action entitled *McKesson Corporation, et al. v. Arthur Andersen LLP, et al.*, pending in the
23  United States District Court for the Northern District of California, San Jose Division (Case No.
24  C-05-04020 RMW (PVT)), except to the extent such claims are required to be barred or released
25  by operation of law.

26        d. Released Claims do not include any claims for violation of the Stipulation
27  or any order of the Court in connection with this Settlement.

28

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL -8-
Master File No. 99-CV-20743 RMW (PVT)

17. In the event this Judgment does not become final (including, by way of example and not limitation, being vacated, modified or reversed on appeal), it shall be rendered null and void and shall be vacated and, in such event, (i) all orders entered and releases delivered in connection therewith shall be null and void, (ii) the Settlement Class shall be automatically decertified without prejudice to Lead Plaintiff's right to seek, or defendants' right to oppose, class certification in the future, and (iii) except as provided in the last sentence of ¶10 herein and in ¶30 of the Stipulation, including any provisions of the Stipulation referred to therein, the Settlement Amount or any portion thereof or interest thereon shall be returned to AALLP or its insurer as provided in the Stipulation.

18. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated: 4/13/07

_____
THE HONORABLE RONALD M. WHYTE
United States District Court Judge

# EXHIBIT A

## EXHIBIT A -- EXCLUSION REQUESTS

| AALP Claim Number | Name1 | Name2 |
|---|---|---|
| 6083425, 6158696 | Dionysia Castelino | |
| 6174731 | Doyle G Ellison | Juanita L Ellison |
| 6052267 | Mathew Ubelhor | |
| 605732 | Norma Schweim | Norma Schweim Rev. Trust |
| 6128378, 6088976, 6052848 | Vera Campbell-Gullat | Lester Campbell |
| 6044657 | Thomas Marano | |
| Unknown | Frankie Wyble Elder Trust | Joanne E Boland TTEE |