E-filed: 9/28/07

| | |
|---|---|
| CADWALADER, WICKERSHAM & TAFT LLP<br>   Jonathan M. Hoff (Bar No. 099787)<br>   Gregory Zimmer (*Admitted Pro Hac Vice*)<br>   Fred Bicknese (*Admitted Pro Hac Vice*)<br>One World Financial Center<br>New York, NY 10281<br>Telephone: (212) 504-6000<br>Facsimile: (212) 504-6666 | BERNSTEIN LITOWITZ BERGER &<br>GROSSMANN LLP<br>   David R. Stickney (Bar No. 188574)<br>   Timothy A. DeLange (Bar No. 190768)<br>12481 High Bluff Drive, Suite 300<br>San Diego, CA 92130<br>Telephone: (858) 793-0070<br>Facsimile: (858) 793-0323 |
| LATHAM & WATKINS LLP<br>   Paul H. Dawes (Bar No. 55191)<br>   John D. Minton (Bar No. 223823)<br>   Traci M. Keith (Bar No. 235828)<br>140 Scott Drive<br>Menlo Park, CA 94025<br>Telephone: (650) 328-4600<br>Facsimile: (650) 463-2600 | BARRACK, RODOS & BACINE<br>   M. Richard Komins<br>   (*Admitted Pro Hac Vice*)<br>3300 Two Commerce Square<br>2001 Market Street<br>Philadelphia, PA 19103<br>Telephone: (215) 963-0600<br>Facsimile: (215) 963-0838 |
| Attorneys for Defendant<br>BEAR, STEARNS & CO. INC. | Attorneys for Lead Plaintiff<br>THE NEW YORK STATE COMMON<br>RETIREMENT FUND and Co-Lead<br>Counsel for the Class |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE MCKESSON HBOC, INC.<br>SECURITIES LITIGATION<br><br><br>This Document Relates To: All Actions | Master File No. 99-CV-20743-RMW<br><br>**CLASS ACTION**<br><br>**STIPULATION AND [PROPOSED] ORDER VACATING THE TRIAL DATE AND SUBMITTING [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT BETWEEN BEAR, STEARNS & CO. INC. AND LEAD PLAINTIFF AND PROVIDING FOR NOTICE**<br><br>Place:   Courtroom 6, Fourth Floor<br>Judge:   The Honorable Ronald M. Whyte |

## STIPULATION

WHEREAS, as a result of prior settlements in the above-captioned action (the "Action"), the remaining defendant is Bear, Stearns & Co. Inc. ("Bear Stearns");

WHEREAS, trial is currently scheduled to commence on October 10, 2007, and various pretrial deadlines and conferences have been scheduled prior to the commencement of trial;

WHEREAS, Lead Plaintiff, Bear Stearns and McKesson Corporation ("McKesson") have agreed, subject to Court approval, to a settlement of the remaining claims in this Action;

WHEREAS, the settlement was achieved after arm's-length negotiations supervised by the mediator, Hon. Edward Infante, and the terms of the proposed settlement (the "Settlement") are set forth in the Stipulation of Settlement (the "Stipulation"), attached hereto as Exhibit A with its accompanying exhibits;

WHEREAS, in light of the Settlement, Lead Plaintiff and Bear Stearns believe that all pretrial and trial deadlines should be vacated to conserve resources and to facilitate the Court's consideration of the Settlement;

WHEREAS, Lead Plaintiff hereby submits for the Court's consideration the [Proposed] Order Preliminarily Approving Settlement with Bear, Stearns & Co. Inc. and Providing For Notice, requesting (a) the Preliminary Approval of the Settlement set forth in the Stipulation; (b) certifying a Settlement Class solely for purposes of effectuating this Settlement; (c) setting a hearing (the "Fairness Hearing"), upon notice to the Settlement Class, to consider: (i) whether the Settlement should be approved as fair, reasonable and adequate to the Settlement Class, and whether an order should be entered dismissing on the merits and with prejudice the claims that are or have been asserted in the Action against Bear Stearns; (ii) whether the Plan of Allocation is fair and reasonable and should be approved; and (iii) Lead Counsel's application for an award of attorneys' fees and payment of costs and expenses; (d) approving the method of giving notice to the Settlement Class of pendency and proposed Settlement; (e) approving the proposed form of notice; (f) approving the proposed summary form of notice; (g) approving the proposed form of the Proof of Claim and Release; (h) setting a period of time during which members of the

Settlement Class must submit written requests for exclusion from the Settlement Class; (i) setting a period of time during which Settlement Class Members may serve written objections to the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses; (j) enjoining, pending further order of the Court, the prosecution of any action or claims that are subject to the releases, dismissals and/or bar orders contemplated by this Settlement; and (j) setting a period of time during which Settlement Class Members must file Claims in order to participate in the distribution of the recovery.

WHEREAS, the Stipulation provides that the Cash Payment of $10 million shall be deposited into an interest-bearing Escrow Account for the benefit of the Settlement Class within five (5) days of entry of the Preliminary Approval Order;

WHEREAS, the Stipulation further provides that promptly upon entry of the Preliminary Approval Order, Bear Stearns shall dismiss with prejudice its appeal to the Ninth Circuit of the Order Approving the Settlement between Lead Plaintiff and McKesson, captioned *In re McKesson HBOC, Inc. Securities Litigation*, No. 06-15587;

WHEREAS, upon entry of the Preliminary Approval Order, Settlement Class Members will be notified of the terms of the Settlement and informed of their rights in connection therewith, including their right to appear and be heard at the Fairness Hearing;

WHEREAS, Lead Plaintiff and Bear Stearns respectfully request that the Court enter a schedule for consideration of final approval of the Settlement, and propose the following schedule:

| DATE | EVENT |
| --- | --- |
| **October 5, 2007:** | Notice of Pendency and Proposed Settlement of Class Action (Ex. A-1), and Proof of Claim and Release (Ex. A-2) to be mailed to the Members of the Settlement Class. Summary Notice For Publication (Ex. A-3) shall be published once in the national edition of *The Wall Street Journal* and electronically over the *PR Newswire* within two weeks after the mailing of the Notice. |
| **December 4, 2007:** | Deadline to file objections to the Settlement; Plan of Allocation; and Request for Attorneys' Fees, Reimbursement of Costs, and Interest Thereon. Deadline for Settlement Class Members to request exclusion from the Settlement Class. |

| | |
|---|---|
| **December 21, 2007:** | Last day for Lead Plaintiff to file motions and supporting papers for final approval of the Settlement; the Plan of Allocation; and Request for Attorneys' Fees, Reimbursement of Costs, and Interest Thereon. |
| **January 4, 2008:** | [Proposed] Date for Hearing on final approval of the Settlement; the Plan of Allocation; and Request for Attorneys' Fees, Reimbursement of Costs. |
| **January 11, 2008:** | Last day for Settlement Class Members to file Proof of Claim and Release forms. |

NOW, THEREFORE, the parties hereby STIPULATE as follows:

1. The trial date and all pretrial deadlines are vacated; and

2. Lead Plaintiff and Bear Stearns submit for Court approval the [Proposed] Order Preliminarily Approving Settlement and Providing For Notice, attached hereto as Exhibit B.

Dated: September 25, 2007

Respectfully submitted,

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

By: _____
David R. Stickney

Attorneys for Lead Plaintiff
The New York State Common Retirement Fund and Co-Lead Counsel for the Class

Dated: September 25, 2007

Respectfully submitted,

BARRACK, RODOS & BACINE

By: _____
M. Richard Komins

Attorneys for Lead Plaintiff
The New York State Common Retirement Fund and Co-Lead Counsel for the Class

Dated: September 25, 2007

Respectfully submitted,

LATHAM & WATKINS LLP

By: /s/ Paul H. Dawes
Paul H. Dawes

Attorneys for Defendant
BEAR, STEARNS & CO. INC.

## ORDER

The Court, having considered the above stipulation of the parties, and good cause appearing therefor, HEREBY ORDERS THAT:

1. The trial date and pretrial deadlines are hereby vacated.

2. The form of the [Proposed] Order Preliminarily Approving Settlement with Bear, Stearns & Co. Inc. and Providing For Notice attached hereto, and the dates set forth therein, are hereby approved.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 9/28, 2007      /s/ Ronald M. Whyte
THE HONORABLE RONALD M. WHYTE
United States District Court Judge

**E-filed: 9/28/07**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re McKESSON HBOC, INC. SECURITIES LITIGATION | Master File No. 99-CV-20743 RMW (PVT) And Related Cases<br><br>CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | |

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT WITH BEAR, STEARNS & CO. INC. AND PROVIDING FOR NOTICE

---

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT WITH BEAR, STEARNS & CO. INC. AND PROVIDING FOR NOTICE
Master File No. 99-CV-20743 RMW (PVT)

WHEREAS:

A.   Lead Plaintiff, the New York State Common Retirement Fund (the "Lead Plaintiff") and defendant Bear, Stearns & Co. Inc. ("Bear Stearns"), together with McKesson Corporation ("McKesson") (collectively, the "Settling Parties"), have entered into a settlement (the "Settlement") of, *inter alia*, the claims asserted against Bear Stearns in the class actions consolidated in *In re McKesson HBOC, Inc. Sec. Litig.*, No. 99-CV-20743 RMW (PVT), the terms of which are set forth in the Stipulation and Agreement of Settlement Between Lead Plaintiff, Bear, Stearns & Co. Inc., and McKesson Corporation dated September 24, 2007 (the "Stipulation"), and any subsequent amendment thereto that may be entered into by the parties;

B.   Lead Plaintiff and Bear Stearns have moved, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order preliminarily approving the Settlement and providing notice of the proposed Settlement to the Settlement Class; and,

C.   The Court, having read and considered the Stipulation, the proposed Notice of Proposed Settlement of Class Action with Bear, Stearns & Co. Inc. (the "Notice"), the proposed Summary Notice for Publication (the "Summary Notice"), the proposed Plan of Allocation, the proposed form of the Proof of Claim and Release, and the proposed forms of Final Judgment and Order of Dismissal relating to the Settlement, having considered all other papers and arguments submitted in connection with the Settling Parties' motion, and finding that substantial and sufficient grounds exist for entering this Order,

IT IS HEREBY ORDERED:

1.   For purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation. Any inconsistencies between the Stipulation and the Notice approved herein will be controlled by the language of the Stipulation.

2.   The Court preliminarily approves the Settlement, as reflected in the Stipulation, as being fair, just, reasonable and adequate, pending a final hearing on the Settlement.

3.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, solely for purposes of effectuating this Settlement, a Settlement Class defined as follows: all persons and entities who purchased or otherwise acquired publicly traded securities

of HBO & Company ("HBOC") during the period from January 20, 1997, through and including January 12, 1999, and all persons or entities who purchased or otherwise acquired call options or sold put options of HBOC during the period from January 20, 1997, through and including April 27, 1999; all persons and entities who purchased or otherwise acquired publicly traded securities or call options, or who sold put options, of McKesson or of McKesson HBOC, Inc. during the period from October 18, 1998, through and including April 27, 1999, and who were injured thereby; and all persons and entities who held McKesson common stock on November 27, 1998, and still held those shares on January 12, 1999, and who were injured thereby. Excluded from the Settlement Class are: (i) all present and former defendants; (ii) members of the immediate family of each individual defendant; (iii) any person who was an officer or a director of HBOC or McKesson (or their subsidiaries or affiliates) during the Settlement Class Period; (iv) any person who was an officer, director, employee or affiliate of Bear Stearns during the Settlement Class Period; (v) any person who was a partner in AALLP during the Settlement Class Period; (vi) the legal representatives, heirs, successors or assigns of any such excluded party; and (vii) any entity in which such excluded person has a controlling interest. "Officer of HBOC or McKesson" means any person employed by HBOC or McKesson who held a position at or above the level of assistant vice president. "Any entity in which such excluded person has a controlling interest" or "affiliate" means that any such entity is excluded from the Settlement Class to the extent that the entity itself has a proprietary (i.e., for its own account) interest in any Settlement Class Securities.

4. Prosecution of any action or claim that is subject to the release, dismissal, or bar order contemplated by the Settlement is hereby enjoined, pending further order of the Court.

5. Promptly upon entry of the Preliminary Approval Order, Bear Stearns shall dismiss with prejudice its appeal of the Order Approving the Settlement between Lead Plaintiff and McKesson, captioned *In re McKesson HBOC, Inc. Securities Litigation*, No. 06-15587.

**NOTICE**

6. Lead Plaintiff shall provide to members of the Settlement Class the Notice of Proposed Settlement of Class Action with Bear, Stearns & Co. Inc., including notice of the

hearing on the proposed Settlement, the request for approval of the Plan of Allocation and Lead Counsel's application for an award of attorneys' fees and payment of expenses as follows:

    a.    No later than October 5, 2007, a copy of the Notice, together with a copy of the Proof of Claim and Release form (the "Proof of Claim"), substantially in the form annexed hereto as Exhibits B and D, respectively, shall be mailed by first-class mail, postage prepaid, to all members of the Settlement Class, using for this purpose the database of the names and addresses of members of the Settlement Class created by the Claims Administrator for the prior settlements in this matter with defendants McKesson HBOC, Inc. ("McKesson") and HBO & Company ("HBOC") (the "McKesson Settlement") and with defendant Arthur Andersen LLP ("AALLP") (the "AALLP Settlement").

    b.    A Summary Notice substantially in the form annexed hereto as Exhibit C shall be published once in the national edition of *The Wall Street Journal* and further published electronically over the *PR Newswire* within two weeks after the mailing of the Notice; and

    c.    The Notice, Summary Notice and Proof of Claim shall further be placed on the website maintained by the Claims Administrator, as approved herein by the Court, at www.mckessonhbocsettlement.com.

7.    The Court approves the form of Notice and Summary Notice (together, the "Notices") and Proof of Claim and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in paragraph 6 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitute the best notice practicable under the circumstances.

8.    To effectuate the provision of notice provided for in paragraph 6 hereof, and the collection, analysis and determination of Proofs of Claim submitted in accordance with the terms of the Notice, and other actions required by this Order, Lead Counsel is authorized to retain Analytics, Inc., or such other similarly qualified entity as may be required, as Claims Administrator and may, upon approval of Lead Plaintiff, pay the reasonable and customary fees and costs associated with the review of claims and administration of the Settlement out of the Notice and Administration Fund, or the Settlement Fund as appropriate, without further order of

1  the Court.

2  6. To further effectuate the provision of notice provided for in paragraph 6 hereof, the Claims Administrator shall lease and maintain a post office box of adequate size for the return of Proofs of Claim. All Notices to members of the Settlement Class shall designate said post office box as the return address for the purposes designated in the Notices. The Claims Administrator shall be responsible for the receipt of all responses from members of the Settlement Class and, until further order of the Court, shall preserve all entries of appearance, Proofs of Claim, Requests for Exclusion and all other written communications from members of the Settlement Class, nominees or any other person in response to the Notices. The costs of notification to the Settlement Class, including printing, mailing and publication of all required notices, shall be paid out of the Notice and Administration Fund. In accordance with the Stipulation, Lead Counsel may draw upon the Notice and Administration Fund to pay the costs of notice and settlement administration.

7. Fourteen (14) days before the date fixed by this Court for the Fairness Hearing, Lead Counsel shall cause to be filed with the Clerk of this Court affidavits or declarations of the person or persons under whose general direction the mailing of the Notice and the publication of the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this Order.

8. All nominees who hold or held McKesson or HBOC publicly traded securities for beneficial owners who are members of the Settlement Class are directed to forward the Notice and Proof of Claim to such beneficial owners or, in the alternative, to supply to the Claims Administrator any names and addresses of such beneficial owners not previously supplied to the Claims Administrator in connection with the McKesson Settlement or the AALLP Settlement, as set forth in the Notice.

9. Lead Counsel are authorized and directed to prepare any tax returns required to be filed on behalf of the Settlement Fund and to cause any taxes due and owing to be paid from the Settlement Fund.

10. In order to effectuate the provisions of paragraph 13 of the Stipulation, any

1  Request for Exclusion forms must be submitted no later than December 4, 2007. Members of the
2  Settlement Class wishing to exclude themselves from this Settlement must submit a Request for
3  Exclusion even if they previously submitted a Request for Exclusion from the McKesson
4  Settlement and/or the AALLP Settlement. Within ten (10) business days of receipt by Lead
5  Counsel or the Claims Administrator of any Request for Exclusion, copies of all such forms shall
6  be provided to counsel for Bear Stearns. Further, after the close of the opt-out period, counsel
7  for the Settling Parties shall confer in good faith to perform the calculations provided for in
8  paragraph 13 of the Stipulation.

**HEARING: RIGHT TO BE HEARD**

10      13. There shall be a hearing on January 4, 2008, at 9:00 a.m. (the "Fairness Hearing")
11  at which time the Court shall address the fairness, reasonableness and adequacy of the
12  Settlement, the fairness and reasonableness of the Plan of Allocation, and Lead Counsel's
13  application for attorneys' fees and payment of expenses. The Fairness Hearing shall be held at
14  the United States District Court for the Northern District of California, Courtroom 6, 4th floor,
15  280 South First Street, San Jose, California 95113.

16      14. Papers in support of the Settlement, the Plan of Allocation, and Lead Counsel's
17  application for attorneys' fees and payment of expenses shall be submitted by December 21,
18  2007.

19      15. Any Settlement Class Member may appear at the Fairness Hearing to show cause
20  why the proposed Settlement should or should not be approved as fair, reasonable and adequate;
21  why the Judgment should or should not be entered; why the Plan of Allocation should or should
22  not be approved as fair and reasonable; or why Lead Counsel should or should not be awarded
23  attorneys' fees and payment of expenses in the amounts sought by Lead Counsel with the
24  approval of Lead Plaintiff; *provided, however,* that no Settlement Class Member shall be heard
25  or entitled to contest the approval of the terms and conditions of the proposed Settlement, the
26  Judgments and Orders to be entered approving the same, the proposed Plan of Allocation or Lead
27  Counsel's application for an award of attorneys' fees and payment of expenses, unless on or
28  before December 4, 2007, such Settlement Class Member has properly and timely served by

1  hand or by first-class mail for receipt by such date by the counsel listed below written objections

2  and copies of any supporting papers and briefs (which must contain proof of all purchases,

3  acquisitions, sales and dispositions of publicly traded securities of McKesson or HBOC made by

4  such Settlement Class Member) upon Lead Counsel, counsel for Bear Stearns and counsel for

5  McKesson:

| BERNSTEIN LITOWITZ BERGER<br>& GROSSMANN LLP<br>David Stickney<br>Timothy DeLange<br>12481 High Bluff Drive, Suite 300<br>San Diego, CA 92130 | BARRACK, RODOS & BACINE<br>Leonard Barrack<br>M. Richard Komins<br>3300 Two Commerce Square<br>2001 Market Street<br>Philadelphia, PA 19103 |
|---|---|

LEAD COUNSEL FOR LEAD PLAINTIFF AND THE CLASS

CADWALADER, WICKERSHAM & TAFT LLP
Jonathan M. Hoff
Gregory Zimmer
One World Financial Center
New York, New York 10281

LATHAM & WATKINS LLP
Paul H. Dawes
Philip J. Wang
140 Scott Drive
Menlo Park, CA 94025

COUNSEL FOR DEFENDANT BEAR, STEARNS & CO. INC.

and has filed by December 4, 2007 said objections, papers and briefs with the Clerk of the United States District Court for the Northern District of California.

16.  Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived such objection and shall be forever foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, the Judgments and orders to be entered approving the Settlement, the Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees and payment of expenses.

17.  In the event any Settlement Class Member timely and properly serves and files written objections, as set forth above, Lead Counsel, counsel for Bear Stearns and counsel for McKesson may, as they deem appropriate, submit reply papers in support of the Settlement, the

1  Plan of Allocation, or Lead Counsel's application for attorneys' fees and payment of expenses by
2  December 21, 2007.

3      18. If approved, all Settlement Class Members will be bound by the proposed
4  Settlement provided for in the Stipulation, and by any judgment or determination of the Court
5  affecting Settlement Class Members, regardless of whether or not a Settlement Class Member
6  submits a Proof of Claim.

7      19. The Court expressly reserves the right to adjourn or continue the Fairness
8  Hearing, or any adjournment or continuance thereof, without any further notice other than an
9  announcement at the Fairness Hearing or any adjournment or continuance thereof, and to
10 approve the Stipulation with modification and without further notice to members of the
11 Settlement Class. The Court retains jurisdiction of this Action to consider all further applications
12 arising out of or connected with the proposed Settlement, and as otherwise warranted.

13 **CLAIMS PROCESS**

14     20. In order to be entitled to participate in the Settlement, a Settlement Class Member,
15 as defined in the Stipulation, must have either previously submitted a valid proof of claim in
16 connection with the McKesson Settlement or in connection with the AALLP Settlement, or
17 timely submitted a valid Proof of Claim, substantially in the form annexed as Exhibit D hereto,
18 to:

19 *In re McKesson HBOC Sec. Litig.*
   c/o Analytics Incorporated, Claims Administrator
20 P.O. Box 2005
   Chanhassen, MN 55317-2005
21

22 To be valid and accepted, a Proof of Claim submitted in connection with this Settlement must be
23 postmarked on or before January 11, 2008.

24     21. Any Settlement Class Member who neither timely submits a valid Proof of Claim
25 nor previously submitted a valid proof of claim in connection with the McKesson Settlement or
26 the AALLP Settlement shall not be entitled to share in the Settlement Fund, except as
27 specifically ordered by the Court, but nonetheless shall be barred and enjoined from asserting
28 any of the Released Claims, including Unknown Claims, and shall be bound by any judgment or

1  determination of the Court affecting the Settlement Class Members.

2      22.    Once the Claims Administrator has considered a timely submitted Proof of Claim, Lead Counsel, through the Claims Administrator, shall determine, based upon the Plan of Allocation, as approved by the Court, whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or a rejection letter, as appropriate, describing the bases on which the claim was so determined. Each Settlement Class Member who receives a deficiency letter or rejection letter shall have 30 days from the date of such letter to supply to the Claims Administrator documentation and/or an explanation sufficient to remedy the deficiency or rejection. Any Settlement Class Member who receives a deficiency letter or a rejection letter and who fails to submit documentation or explanation sufficient to remedy the deficiency or reason for rejection within the time prescribed herein shall have such claim deemed finally rejected. Such finally rejected claims shall be submitted to the Court as rejected claims at such time as Lead Plaintiff moves the Court for an Order approving distribution of the Net Settlement Fund, unless the recipient objects in writing to the deficiency letter or rejection letter, in which case the claim shall be submitted to the Court as a disputed claim. Notice of any hearing on such motion shall be provided to all Settlement Class Members whose claims are disputed.

    23.    If a Settlement Class Member timely responds to a deficiency letter or rejection letter by providing an explanation and/or documentation in response to such a deficiency letter or rejection letter, Lead Counsel, through the Claims Administrator, shall determine whether such explanation and/or documentation is sufficient to remedy the deficiency or reason for rejection. If Lead Counsel, through the Claims Administrator, determines that the explanation and/or documentation submitted in response to the deficiency letter or the rejection letter is sufficient, such claim shall be deemed a valid claim. If, on the other hand, Lead Counsel, through the Claims Administrator, determines that the explanation and/or documentation is not sufficient to remedy the deficiency or reason for rejection, such claim shall be deemed finally rejected. Such finally rejected claims shall be submitted to the Court as disputed claims at such time as Lead Plaintiff moves the Court for an Order approving distribution of the Net Settlement Fund. Notice

of any hearing on such motion shall be provided to all Settlement Class Members whose claims are disputed.

24. There shall be no distribution of any of the Settlement Amounts to any Settlement Class Member until a plan of allocation is finally approved and is affirmed on appeal or certiorari or is no longer subject to review by appeal or certiorari and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

25. The Court shall retain continuing jurisdiction over the Settlement, as well as the administration thereof.

**IT IS SO ORDERED.**

Dated: 9/28/07

_/s/ Ronald M. Whyte_
THE HONORABLE RONALD M. WHYTE
United States District Court Judge