FILED
FEB 1 4 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re McKESSON HBOC, INC. SECURITIES LITIGATION | Master File No. 99-CV-20743 RMW (PVT) And Related Cases |
| | CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | Date: January 18, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 6, Fourth Floor<br>Judge: The Honorable Ronald M. Whyte |

[PROPOSED] ORDER APPROVING INITIAL DISTRIBUTION OF THE NET McKESSON AND ANDERSEN SETTLEMENT FUNDS

---

ORDER APPROVING INITIAL DISTRIBUTION OF SETTLEMENT FUNDS
Master File No. 99-CV-20743 RMW (PVT)

**BY FAX**

1  Lead Plaintiff's Motion for Approval of Initial Distribution of the Net McKesson and
2  Andersen Settlement Funds duly came before the Court for hearing on January 18, 2008, at 9:00
3  a.m., pursuant to paragraph 25 of the Stipulation and Agreement of Settlement Between Lead
4  Plaintiff and Defendants McKesson HBOC, Inc. and HBO & Company dated February 11, 2005
5  ("McKesson Settlement") and paragraph 24 of the Stipulation and Agreement of Settlement
6  Between Lead Plaintiff and Defendant Arthur Andersen LLP dated as of December 19, 2006
7  ("Andersen Settlement"). The Court has read and considered Lead Plaintiff's Motion and all
8  supporting and other related materials, including Lead Plaintiff's Memorandum in Support of
9  Initial Distribution of the Net McKesson and Andersen Settlement Funds and the Affidavit of
10 Richard W. Simmons In Support of Motion for Initial Distribution of the Net McKesson and
11 Andersen Settlement Funds ("Simmons Affidavit"), submitted therewith. The Court authorizes
12 the distribution of the first fifty-five percent (55%) of the Net McKesson and Andersen
13 Settlement Funds;

14  NOW, THEREFORE, IT IS HEREBY ORDERED:

15  1. The administrative recommendation to accept 40,176 Claims, as set forth in
16 Exhibits D-1 and D-2 to the Simmons Affidavit, is adopted and Lead Counsel is authorized to
17 direct a distribution of fifty-five percent (55%) of the Net Settlement Funds to the Authorized
18 Claimants set forth in the Simmons Affidavit;

19  2. The wholly ineligible or otherwise deficient Claims not disputed, as set forth in
20 Exhibit D-3 to the Simmons Affidavit, are rejected;

21  3. Lead Counsel is authorized to direct the establishment of a reserve in the amount
22 of forty-five percent (45%) of the Net Settlement Funds to address contingencies, such as paying
23 any remaining taxes due on interest earned by the Net Settlement Funds; correcting Claims for
24 any Claimants who establish that his, her or its initial distribution was improperly calculated;
25 making a distribution to any Claimant who subsequently convinces the Court that his, her, or its
26 Claim was improperly rejected; making a distribution to any Claimants who have yet to file their
27 Claims, but do so before the Court-ordered cut-off; making a distribution to the McKesson Profit
28

1 Sharing Plan; and paying claims administration and any other additional professional fees and
2 expenses;

3     4. The administrative recommendation to reject the Disputed Claims, as set forth in
4 Exhibits C-1, C-2, C-4 and C-5 to the Simmons Affidavit, is adopted;

5     5. Lead Counsel is authorized to direct Claims Administrator, Analytics
6 Incorporated ("Analytics"), to distribute fifty-five percent (55%) of the Net Settlement Funds
7 (after deducting estimated taxes and the costs of preparing appropriate final tax returns) to the
8 Authorized Claimants in proportion to their Recognized Loss Amounts;

9     6. No Claim received after December 23, 2007, may be accepted;

10     7. Each Claimant who receives a distribution from the Net Settlement Funds in
11 connection with the initial distribution shall simultaneously receive notice, in substantially the
12 form set forth in Exhibit A hereto, informing that should he, she or it disagree with the
13 calculation of his, her or its Loss Amount or the amount of the initial distribution check, such
14 disagreement must be made in writing, detailing the disagreement, and sent to the Claims
15 Administrator, postmarked no later than 30 days from the date of such notice;

16     8. Lead Counsel shall cause to be published notice to the Class once in the national
17 edition of *The Wall Street Journal* and electronically over the *PR Newswire*, in substantially the
18 form set forth in Exhibit B hereto, within three weeks after the initial distribution checks are
19 mailed;

20     9. Lead Counsel is authorized to direct payment of $416,928.69 out of the Net
21 Settlement Funds to the Claims Administrator, Analytics, for the balance of its fees and expenses
22 in connection with the administration of the McKesson and Andersen Settlements;

23     10. The administration of the Net Settlement Funds and the distribution of the Net
24 Settlement Funds comply with the terms of the Stipulations and the Plan of Allocation. All
25 persons involved in the review, verification, calculation, tabulation, or any other aspect of the
26 processing of the claims submitted herein, or otherwise involved in the administration or taxation
27 of the Settlement Funds or the Net Settlement Funds, are released and discharged from any and
28 all claims arising out of such involvement, and all Settlement Class Members, whether or not

they received or are to receive payment from the Net Settlement Funds, are barred from making any further claims against the Net Settlement Funds or Lead Plaintiff, Lead Counsel, the Claims Administrator, the escrow agent or any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administration of the Settlements beyond the amount allocated to such Class Members pursuant to this Order;

11. The Court takes under submission the administrative recommendation to reject the Disputed Claims of officers excluded from the Settlement Class based on their positions at or above the level of assistant vice-president of HBOC or McKesson, as set forth in Exhibit C-3 to the Simmons Affidavit; and

12. The Court retains jurisdiction to consider further applications concerning the administration of the Settlements, including, without limitation, any further administrative fees and expenses relating to the distribution of the reserved funds, and such other and further relief as this Court deems appropriate.

IT IS SO ORDERED.

DATED: __1/29__, 2008

*Ronald M. Whyte*

THE HONORABLE RONALD M. WHYTE
United States District Court Judge

# EXHIBIT A

Confidential – Attorney Work Product    Page 1          DRAFT – December 12, 2007

**BERNSTEIN LITOWITZ BERGER &**
**GROSSMANN LLP**
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
(858) 793-0070
TELECOPIER (858) 793-0323

**BARRACK, RODOS & BACINE**
A PARTNERSHIP INCLUDING PROFESSIONAL
CORPORATIONS
3300 TWO COMMERCE SQUARE
2001 MARKET STREET
PHILADELPHIA, PENNSYLVANIA 19103
(215) 963-0600
TELECOPIER (215) 963-0808

January __, 2008

Dear Claimant(s):

The attached check represents an initial distribution to you of funds recovered from McKesson HBOC and Arthur Andersen LLP in *In re McKesson HBOC, Inc. Securities Litigation*, Case No. 99-CV-20743 RMW (PVT), the federal securities law class action brought on behalf of (1) all persons and entities who purchased or otherwise acquired publicly traded securities of HBO & Company ("HBOC") during the period from January 20, 1997 through and including January 12, 1999, and all persons or entities who purchased or otherwise acquired call options or sold put options of HBOC during the period from January 20, 1997 through and including April 27, 1999; (2) all persons or entities who purchased or otherwise acquired publicly traded securities or call options, or who sold put options, of McKesson or of McKesson HBOC, Inc. during the period from October 18, 1998 through and including April 27, 1999; and (3) all persons or entities who held McKesson common stock on November 27, 1998 and still held those shares on January 12, 1999; and who were injured thereby. **Except as otherwise defined on the check stub, all capitalized terms used herein have the meaning defined in the Notice of Pendency and Proposed Settlement of Class Action Against McKesson HBOC, Inc. and HBO & Company you previously received.** Although it has been some time since these settlements were reached, please note that the settlement funds have been continually accruing interest during the processing phase.

The balance of your distribution from the Net Settlement Funds, along with any distribution from the Bear Stearns Settlement in this matter to which you are entitled, will be made after any disputed claims or distributions have been resolved by the Court overseeing the McKesson HBOC securities class action, and any appeals from the Court's determinations. The amount of money available for a later distribution from the balance of the Net Settlement Funds depends upon the resolution of such disputed claims and distributions, as well as other contingencies, such as additional administrative expenses, interest, taxes, and the amount and resolution of later filed claims.

The amount of your distribution from the Net Settlement Fund was determined by the Claims Administrator, Analytics Incorporated, by applying the Court-approved Plan of Allocation, a copy of which you previously received. It is also available at http://www.mckessonhbocsettlement.com. Your Recognized Claim is shown on your check stub.

Under the Court-approved Plan of Allocation, the total distributions to each Claimant from the Net Settlement Funds represent a pro rata share of the available funds, which the Claims Administrator calculated, pursuant to the terms of the Plan of Allocation, by dividing each Claimant's Recognized Claim by the total Recognized Claims of all Claimants, and then multiplying the result by the amount of the available funds.

Please note that the tax treatment of this distribution varies based upon the individual circumstances and tax status of each Claimant. Accordingly, neither we nor the Claims Administrator are able to determine the appropriate tax reporting for any Claimant. You should consult with your tax advisor to determine the tax consequences, if any, that the distribution of the Net Settlement Fund may have to you.

By Order dated _____, 2008, if you do not agree with the calculation of your Claim or the amount of your initial distribution check, you must send a detailed written statement of the reasons for your disagreement, postmarked no later than 30 days from the date of this letter, that is, by_____, 2008, to: *In re McKesson HBOC Sec. Litig.*, c/o Analytics Incorporated, Claims Administrator, P.O. Box 2005, Chanhassen, MN 55317-2005. Unless otherwise ordered by the Court, any Claimant who does not submit his, her or its objection in the manner described above shall be deemed to have waived all objections to the amount of his, her or its distribution.

Confidential – Attorney Work Product    Page 2         DRAFT – December 12, 2007

All other inquiries and notices of address change should reference your Claim Number, be in writing only, and sent to: *In re McKesson HBOC Sec. Litig.*, c/o Analytics Incorporated, Claims Administrator, and P.O. Box 2005, Chanhassen, MN 55317-2005.

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
12481 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CALIFORNIA 92130
(858) 793-0070
TELECOPIER (858) 793-0323

**BARRACK, RODOS & BACINE**
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
3300 TWO COMMERCE SQUARE
2001 MARKET STREET
PHILADELPHIA, PENNSYLVANIA 19103
(215) 963-0600
TELECOPIER (215) 963-0808

# EXHIBIT B

| | |
|---|---|
| BERNSTEIN LITOWITZ BERGER<br>   & GROSSMANN LLP<br>DAVID R. STICKNEY (Bar No. 188574)<br>TIMOTHY A. DeLANGE (Bar No. 190768)<br>NIKI L. MENDOZA (Bar No. 214646)<br>BENJAMIN GALDSTON (Bar No.211114)<br>12481 High Bluff Drive, Suite 300<br>San Diego, CA 92130<br>Tel: (858) 793-0070<br>Fax: (858) 793-0323<br>   -and-<br>MAX W. BERGER<br>ROCHELLE FEDER HANSEN<br>1285 Avenue of the Americas<br>New York, NY 10019<br>Tel: (212) 554-1400<br>Fax: (212) 554-1444 | BARRACK, RODOS & BACINE<br>LEONARD BARRACK<br>GERALD J. RODOS<br>M. RICHARD KOMINS<br>JEFFREY A. BARRACK<br>BETH R. TARGAN<br>3300 Two Commerce Square<br>2001 Market Street<br>Philadelphia, PA 19103<br>Tel: (215) 963-0600<br>Fax: (215) 963-0838<br>   -and-<br>STEPHEN R. BASSER (Bar No. 121590)<br>402 West Broadway, Suite 850<br>San Diego, CA 92101<br>Tel: (619) 230-0800<br>Fax: (619) 230-1874 |

Attorneys for Lead Plaintiff
The New York State Common Retirement
Fund and Co-Lead Counsel for the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re McKESSON HBOC, INC.<br>SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No. 99-CV-20743 RMW (PVT)<br>And Related Cases<br><br>CLASS ACTION |

### NOTICE OF INITIAL DISTRIBUTION OF NET SETTLEMENT FUNDS

### EXHIBIT B

---

NOTICE OF INITIAL DISTRIBUTION OF NET SETTLEMENT FUNDS
Master File No. 99-CV-20743 RMW (PVT)

TO:  (1)  ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED PUBLICLY TRADED SECURITIES OF HBO & COMPANY ("HBOC") DURING THE PERIOD FROM JANUARY 20, 1997 THROUGH AND INCLUDING JANUARY 12, 1999, AND ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED CALL OPTIONS OR SOLD PUT OPTIONS OF HBOC DURING THE PERIOD FROM JANUARY 20, 1997 THROUGH AND INCLUDING APRIL 27, 1999;

(2)  ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED PUBLICLY TRADED SECURITIES OR CALL OPTIONS, OR WHO SOLD PUT OPTIONS, OF MCKESSON OR OF MCKESSON HBOC, INC. DURING THE PERIOD FROM OCTOBER 18, 1998 THROUGH AND INCLUDING APRIL 27, 1999; AND

(3)  ALL PERSONS OR ENTITIES WHO HELD MCKESSON COMMON STOCK ON NOVEMBER 27, 1998 AND STILL HELD THOSE SHARES ON JANUARY 12, 1999; AND WHO WERE INJURED THEREBY.

Pursuant to the Court's Order dated _____, an initial distribution of the Net Settlement Funds in *In re McKesson HBOC, Inc. Securities Litigation*, Case No. 99-CV-20743 RMW (PVT), recently has been made to all Settlement Class Members who submitted a Claim to the Claims Administrator, Analytics Incorporated, and who did not receive from the Claims Administrator notice that such Claim had been recommended for complete rejection. If you submitted such a timely Claim to the Claims Administrator in connection with the McKesson HBOC Settlement or the Arthur Andersen LLP Settlement, and you did not receive notice that your Claim has been or will be recommended for complete rejection, you should have received an initial distribution check. If you submitted a timely Claim and did not receive a rejection notice, but, also, did not receive an initial distribution check, you must immediately notify the Claims Administrator, as follows:

*In re McKesson HBOC Sec. Litig.*
c/o Analytics Incorporated, Claims Administrator
P.O. Box 2005
Chanhassen, MN 55317-2005
Tel: 1-866-217-3485 (toll free)

**FAILURE TO NOTIFY THE CLAIMS ADMINISTRATOR WITHIN 30 DAYS OF THE DATE OF THIS NOTICE THAT YOU SUBMITTED A TIMELY CLAIM AND DID NOT RECEIVE A NOTICE OF REJECTION, BUT DID NOT RECEIVE AN INITIAL DISTRIBUTION CHECK, WILL RESULT IN THE FORFEITURE OF YOUR ENTIRE CLAIM.**

Lead Counsel identified below are available to answer questions from Settlement Class Members concerning the initial distribution or other claims processing matters:

| | |
|---|---|
| BERNSTEIN LITOWITZ BERGER<br>   & GROSSMANN LLP<br>David R. Stickney<br>Timothy A. DeLange<br>12481 High Bluff Drive, Suite 300<br>San Diego, CA 92130<br>Tel: (858) 793-0070<br>Fax: (858) 793-0323 | BARRACK, RODOS & BACINE<br>Leonard Barrack<br>M. Richard Komins<br>3300 Two Commerce Square<br>2001 Market Street<br>Philadelphia, PA 19103<br>Tel: (215) 963-0600<br>Fax: (215) 963-0838 |

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.

DATED: _____, 2008

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA