UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re McKESSON HBOC, INC. SECURITIES LITIGATION | Master File No. 99-CV-20743 RMW (PVT) And Related Cases |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | |
| ALL ACTIONS. | |

**[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT WITH ARTHUR ANDERSEN LLP OF
<u>CONTINGENT PAYMENT CLAIM AND PROVIDING FOR NOTICE</u>**

WHEREAS:

A.      Lead Plaintiff, Thomas P. DiNapoli, Comptroller of the State of New York, as

Administrative Head of the New York State and Local Retirement Systems and as Trustee of the

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
WITH ARTHUR ANDERSEN LLP OF CONTINGENT PAYMENT CLAIM
AND PROVIDING FOR NOTICE
Master File No: 99-CV-20743 RMW (PVT)

New York State Common Retirement Fund, and the McKesson Class, and (ii) Defendant Arthur Andersen LLP ("Andersen") have entered into a settlement (the "Settlement") of all claims against Andersen with respect to Definition (z) of the Stipulation and Agreement of Settlement entered into between Lead Plaintiff and Andersen dated December 19, 2006 (the "McKesson Stipulation of Settlement"), on the terms and conditions set forth in the Agreement Between Lead Plaintiff and Arthur Andersen LLP Concerning Contingent Payment Claim, dated November 6, 2012 (the "Agreement") (Exhibit 1 hereto);

       B.     Lead Plaintiff has requested, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, entry of an Order preliminarily approving the Settlement and providing notice of the proposed Settlement to the McKesson Class; and

       C.     The Court, having read and considered the Agreement, the Notice of Proposed Settlement of Contingent Payment Claim with Arthur Andersen LLP (the "Notice") (Exhibit 2 hereto), Summary Notice of Proposed Settlement of Contingent Payment Claim with Arthur Andersen LLP (the "Summary Notice") (Exhibit 3 hereto) and the proposed form of Judgment (Exhibit 4 hereto), and having considered all other papers and arguments submitted in connection with Lead Plaintiff's request, and finding that substantial and sufficient grounds exist for entering this Order;

       IT IS HEREBY ORDERED:

       1.     For purposes of this Order, the Court adopts all defined terms as set forth in the Agreement or in the McKesson Stipulation of Settlement.

       2.     The Court preliminarily approves the Settlement, as reflected in the Agreement, as being fair, just, reasonable and adequate, pending a final hearing on the Settlement.

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
WITH ARTHUR ANDERSEN LLP OF CONTINGENT PAYMENT CLAIM
AND PROVIDING FOR NOTICE
Master File No: 99-CV-20743 RMW (PVT)

-2-

3.     Institution or prosecution of any action or claim that is subject to the release or dismissal provisions contemplated by the Settlement is hereby enjoined pending further order of the Court.

**NOTICE**

4.     The Court approves the continued retention of BMC Group Class Action Services (f/k/a Analytics Incorporated) as the Claims Administrator (the "Administrator") to supervise and administer the notice procedure and the distribution of the Net McKesson Settlement Amount to Authorized Claimants.

5.     Lead Plaintiff, through the Administrator, shall disseminate notice of the Settlement, including notice of the hearing on the proposed Settlement and Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses, as follows:

a.     not later than __FI__ days after entry of this order (the "Notice Date"), the Lead Counsel and Administrator shall cause the Notice, substantially in the form attached hereto as Exhibit 2, to be published on www.mckessonhbocsettlement.com and on Lead Counsel's websites, www.blbglaw.com and www.barrack.com, and the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published through *PR Newswire* and mailed directly to all McKesson Class Members who cashed their prior distribution from the proceeds of the McKesson Settlements and who would receive a minimum of $10.00 in the next distribution (which shall be determined on the assumption that the proposed Settlement and the application for an award of attorneys' fees and reimbursement of expenses are approved and the Effective Date occurs).

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
WITH ARTHUR ANDERSEN LLP OF CONTINGENT PAYMENT CLAIM
AND PROVIDING FOR NOTICE
Master File No: 99-CV-20743 RMW (PVT)

1    b.    as provided in the Summary Notice, the Administrator shall mail or email

2  a printed copy of the Notice to any McKesson Class Member who requests such a copy by mail,

3  email or telephone prior to the Settlement Hearing; and

4    c.    not later than 7 days prior to the Settlement Hearing, Lead Counsel shall

5  serve on Andersen and file with the Court proof, by affidavit or declaration, of such publication

6  and dissemination of the Notice and the Summary Notice.

7    6.    The Court approves, as to form and content, the Notice and the Summary Notice

8  and finds that the procedures established for the publication and dissemination of the Notice and

9  the Summary Notice substantially in the manner and form set forth in paragraph 5 of this Order

10  meet the requirements of Rules 23(e)(1) and 23(h)(1) of the Federal Rules of Civil Procedure,

11  and due process, and constitute notice that is reasonable, under the circumstances, to apprise

12  McKesson Class Members of the effect of the proposed Settlement and of their right to appear at

13  the Settlement Hearing and object to the proposed Settlement and/or the motion for an award of

14  attorneys' fees and reimbursement of expenses.

15    7.    The costs of providing notice shall be paid from the McKesson Settlement

16  Amount as provided in the Agreement without further order of the Court.

17  <u>**HEARING, RIGHT TO BE HEARD**</u>

18    8.    The Court will hold a settlement hearing (the "Settlement Hearing") on

19  _____, 201H at J_____.m. at the United States District Court for the Northern District

20  of California, San Jose Division, San Jose Courthouse, Courtroom 6, Fourth Floor, 280 South

21  First Street, San Jose, CA 95113, at which time the Court shall (a) determine whether the

22  proposed Settlement on the terms and conditions provided for in the Agreement is fair,

23  reasonable, and adequate and should be approved; (b) determine whether a Judgment

24  [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
   WITH ARTHUR ANDERSEN LLP OF CONTINGENT PAYMENT CLAIM
   AND PROVIDING FOR NOTICE
   Master File No: 99-CV-20743 RMW (PVT)

25                                                                    -4-

substantially in the form attached hereto as Exhibit 4 should be entered; (c) determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of expenses should be approved; and (d) consider any other matters that may properly be brought before the Court in connection with the Settlement.

9.     Lead Counsel shall file and serve papers in support of the Settlement and Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses no later than H̲ days prior to the Settlement Hearing; if reply papers are necessary, they are to be filed and served no later than Ī̲ days prior to the Settlement Hearing.

10.     Any McKesson Class Member may appear at the Settlement Hearing to show cause, if he, she or it has any cause, why the proposed Settlement and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses should or should not be approved; provided, however, that no McKesson Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement and/or the motion for an award of attorneys' fees and reimbursement of expenses unless that person or entity has filed a written objection with the Court and served copies of such objection in the manner provided in the Notice such that it is received no later than GF̲ days prior to the Settlement Hearing on each of the following:

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
John C. Browne
1285 Avenue of the Americas
New York, New York 10019

BARRACK RODOS & BACINE
Jeffrey W. Golan
3300 Two Commerce Square
2001 Market Street
Philadelphia, Pennsylvania 19103

*Attorneys for Lead Plaintiff and Co-Lead Counsel for the McKesson Class*

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
WITH ARTHUR ANDERSEN LLP OF CONTINGENT PAYMENT CLAIM
AND PROVIDING FOR NOTICE
Master File No: 99-CV-20743 RMW (PVT)

-5-

VICK LAW GROUP, APC
Scott Vick
800 West 6th Street, Suite 1220
Los Angeles, CA 90017

*Attorneys for Defendant Arthur Andersen LLP*

11.     Any objections, filings and other submissions by the objecting McKesson Class Member must (a) state the name, address and telephone number of the person or entity objecting and must be signed by the objector and (b) contain a statement of his, her or its objection, as well as the specific reasons for each objection, including the legal and evidentiary support the McKesson Class Member wishes to bring to the Court's attention.  In addition, if a person or entity other than an Authorized Claimant submits an objection, he, she or it must include documents sufficient to show membership in the McKesson Class.

12.     Any member of the McKesson Class who does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to the Settlement and the motion for an award of attorneys' fees and reimbursement of expenses and shall forever be barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement or the requested attorneys' fees and expenses, or from otherwise being heard concerning the Settlement or the requested attorneys' fees and expenses in this or any other proceeding.

13.     Any McKesson Class Member may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Andersen's Counsel listed in the Notice such that it is received no later than ____GF____ days prior to the

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
WITH ARTHUR ANDERSEN LLP OF CONTINGENT PAYMENT CLAIM
AND PROVIDING FOR NOTICE
Master File No: 99-CV-20743 RMW (PVT)

-6-

1   Settlement Hearing, or as the Court may otherwise direct. Any McKesson Class Member who

2   does not enter an appearance will be represented by Lead Counsel.

3          14.    The Court may adjourn the Settlement Hearing and approve the proposed

4   Settlement with such modifications as the Parties may agree to, if appropriate, without further

5   notice to the McKesson Class.

6   **MODIFICATION OF DISTRIBUTION PLAN**

7          15.    Paragraph five (5) of the Order Approving Motion for Re-Distribution of

8   Settlement Funds dated September 7, 2011 (the "Distribution Order") is modified to provide that

9   any residual balance that remains in the Settlement Funds due to uncashed checks, funds

10   deposited pursuant to the terms of this Settlement (if approved), or for other reasons, shall, no

11   earlier than (i) the date on which the Settlement, if approved, becomes Final or (ii) the date on

12   which the Settlement is terminated, be re-distributed at that time only to those Authorized

13   Claimants who have cashed their checks from the previous distribution and who would receive at

14   least $10 from such distribution after the payment from this balance of the unpaid costs incurred

15   in connection with such re-distribution. Additional re-distributions to Authorized Claimants who

16   have cashed their prior distribution checks and who would receive at least $10 from such re-

17   distribution after payment of the costs of the re-distribution as approved by Lead Plaintiff, shall

18   occur until such unclaimed funds total less than $200,000, at which time Lead Plaintiff is

19   authorized to donate such unclaimed funds to one or more of the non-sectarian, not-for-profit,

20   section 501(c)(3) organizations as provided in the Distribution Order.

21   **OTHER PROVISIONS**

22          16.    The McKesson Settlement Amount and any interest earned thereon (the

23   "McKesson Settlement Fund") shall be deemed and considered to be *in custodia legis* of the

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
WITH ARTHUR ANDERSEN LLP OF CONTINGENT PAYMENT CLAIM
AND PROVIDING FOR NOTICE
Master File No: 99-CV-20743 RMW (PVT)

-7-

Court, and shall remain subject to the jurisdiction of the Court, until such time as it shall be distributed pursuant to the Agreement and/or further order(s) of the Court.

17.   Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the McKesson Settlement Fund, to pay from the McKesson Settlement Fund any Taxes owed with respect to the McKesson Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Agreement.

18.   This Settlement is contingent on approval of a parallel settlement between Lead Plaintiff and Andersen in the WorldCom Action in the United States District Court for the Southern District of New York.  If the Agreement is terminated, the Settlement is not approved, the settlement of the WorldCom Settled Claim in the WorldCom Action is not approved, or the Effective Date of the Agreement does not occur, this Order shall become null and void and be without prejudice to the rights of Lead Plaintiff, the McKesson Class Members and Andersen, and the Parties shall be deemed to have reverted to their respective status immediately prior to the execution of the Agreement.

19.   Neither the Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement: (i) is or may be deemed to be or may be used or offered as an admission or evidence of the validity of any released McKesson Settled Claim or of any wrongdoing or liability of any of The Andersen Released Persons; or (ii) is or may be deemed to be or may be used or offered as an admission or evidence of any fault or omission of any of The Andersen Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than as

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
WITH ARTHUR ANDERSEN LLP OF CONTINGENT PAYMENT CLAIM
AND PROVIDING FOR NOTICE
Master File No: 99-CV-20743 RMW (PVT)

-8-

1   may be necessary to consummate or enforce the Agreement, the Settlement or the Judgment.

2        20.     Neither the Agreement nor the Settlement, nor any act performed or document

3   executed pursuant to or in furtherance of the Agreement or the Settlement: (i) is or may be

4   deemed to be or may be used or offered as an admission or evidence against Lead Plaintiff or any

5   McKesson Class Members that any of their claims are without merit or that the Contingent

6   Payment Claim recoverable under Definition (z) of the McKesson Stipulation of Settlement

7   would not have exceeded the McKesson Settlement Amount; or (ii) is or may be deemed to be or

8   may be used or offered as an admission or evidence of any fault or omission of Lead Plaintiff or

9   any McKesson Class Members in any civil, criminal or administrative proceeding in any court,

10  administrative agency or other tribunal, other than as may be necessary to consummate or

11  enforce the Agreement, the Settlement or the Judgment.

12       21.     The Court retains jurisdiction to consider all further applications arising out of or

13  connected with the proposed Settlement.

14       IT IS SO ORDERED.

15  Dated: _____, 201_

        *Ronald M. Whyte*

16                                              RONALD M. WHYTE
                                                United States District Judge

17  #678371

18

19

20

21

22

23

24  [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
    WITH ARTHUR ANDERSEN LLP OF CONTINGENT PAYMENT CLAIM
    AND PROVIDING FOR NOTICE
25  Master File No: 99-CV-20743 RMW (PVT)

# Exhibit 1

1    [SEE SIGNATURE BLOCK FOR COUNSEL]

2

3

4

5

6

7

8

9

10                        UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                           SAN JOSE DIVISION

| | |
|---|---|
| In re McKESSON HBOC, INC. SECURITIES LITIGATION | Master File No. 99-CV-20743 RMW (PVT) And Related Cases |
| | <u>CLASS ACTION</u> |
| This Document Relates To:<br><br>    ALL ACTIONS. | |

**AGREEMENT BETWEEN LEAD PLAINTIFF AND ARTHUR ANDERSEN LLP**
**<u>CONCERNING CONTINGENT PAYMENT CLAIM</u>**

This Agreement Between Lead Plaintiff and Arthur Andersen LLP Concerning Contingent Payment Claim (the "Agreement") is entered into between (i) the Lead Plaintiff, Thomas P. DiNapoli, Comptroller of the State of New York, as Administrative Head of the New York State and Local Retirement Systems and as Trustee of the New York State Common

AGREEMENT BETWEEN LEAD PLAINTIFF AND ARTHUR ANDERSEN LLP
CONCERNING CONTINGENT PAYMENT CLAIM
Master File No: 99-CV-20743 RMW (PVT)

-1-

1   Retirement Fund, and the McKesson Class (as defined below) and (ii) Defendant Arthur

2   Andersen LLP ("Andersen", and together with Plaintiffs, the "Parties"), by and through their

3   undersigned attorneys.

4   WHEREAS:

5         A.     The above-captioned action (the "Action"), which was commenced in April 1999,

6   was resolved by settlements with the various defendants for an aggregate settlement amount of

7   over $1.04 billion.  The settlements were approved by the McKesson Court (defined below) in

8   February 2006, April 2007, and January 2008.  Between May 2008 and October 2011, three

9   distributions from the proceeds of the settlements have been made to Authorized Claimants.

10        B.     One of the settlements achieved in the Litigation was with Andersen, the terms of

11  which are set forth in the Stipulation and Agreement of Settlement between the parties hereto

12  dated December 19, 2006 (the "McKesson Stipulation of Settlement")).[1]  The McKesson

13  Stipulation of Settlement fully and finally resolved, discharged and settled the Released Claims,

14  as defined in that stipulation, subject to the terms and conditions set forth therein.

15        C.     Pursuant to the terms of the McKesson Stipulation of Settlement (Definition (z)),

16  Andersen was to pay $72.5 million (the "Cash Payment"), and two contingent payments: (a) an

17  amount equivalent to 5% of the amounts, if any, actually paid by Andersen to its present or

18  former partners, participating principals, national partners and national directors in repayment of

19  any and all subordinated notes (the "Notes") issued in respect of paid in capital and/or

20  subordinated loans (the "McKesson Contingent Loan Repayment Obligation"), the parties

21  acknowledged at the time of the McKesson Stipulation of Settlement that repayment of the Notes

---

[1]   The McKesson Stipulation of Settlement is fully incorporated herein and remains unmodified other than as specifically provided for herein.  Any terms not otherwise defined in paragraph 1 herein shall have the meanings ascribed to them in the McKesson Stipulation of Settlement.

was contingent on many factors and that payments on the Notes were currently suspended, and (b) the difference between any Net Cash Amount paid in an Other Action and the Cash Payment (as such terms are defined in paragraph 35 of the McKesson Stipulation of Settlement).

D.     Lead Plaintiff is also the Lead Plaintiff in the now settled action styled *In re WorldCom, Inc. Securities Litigation*, Master File No. 02 Civ. 3288 (DLC) (S.D.N.Y.) in which Andersen was also a defendant.

E.     Pursuant to the terms of the WorldCom Stipulation of Settlement (paragraph 1.gg.), Andersen was to pay $65 million immediately upon preliminary approval of that settlement (the "Cash Payment"), and two contingent payments: (a) an amount equivalent to 20% of the amounts, if any, actually paid by Andersen to its present or former partners, participating principals, national partners and national directors in repayment of any and all subordinated notes issued in respect of paid in capital and/or subordinated loans (the "WorldCom Contingent Loan Repayment Obligation"), the Parties acknowledged at the time of the WorldCom Stipulation of Settlement that repayment of the Notes was contingent on many factors and that payments on the Notes were currently suspended, and (b) the difference between any Net Cash Amount paid in an Other Action and the Cash Payment (as such terms are defined in paragraph 36 of the WorldCom Stipulation of Settlement).

F.     At the time the McKesson Stipulation of Settlement and the WorldCom Stipulation of Settlement were entered into, Andersen confronted substantial litigation claims and other contingencies which, as a result, caused Andersen to suspend all payments on the Notes and rendered highly uncertain whether, when or to what extent Andersen would be in a position to make any repayments with respect to the Notes.  Andersen now anticipates the possibility of making some repayments with respect to the Notes in the future, although the

AGREEMENT BETWEEN LEAD PLAINTIFF AND ARTHUR ANDERSEN LLP
CONCERNING CONTINGENT PAYMENT CLAIM
Master File No: 99-CV-20743 RMW (PVT)

-3-

timing and amounts of any such repayments remains uncertain and subject to multiple contingencies.

G.    To the extent that Andersen makes repayments on the Notes in the future, any such repayments, when and if made, would trigger the Contingent Loan Repayment Obligations under the terms of both the McKesson and WorldCom Stipulations of Settlement. The ultimate amounts of any such repayments with respect to the Notes, and the number of such repayments, and the time period over which any such repayments would be made, are unknown at this time and may not become known for a number of years.

H.    Lead Plaintiff and Lead Counsel have considered the contingencies and uncertainties that could affect the ultimate amount of the repayments made in respect of the Notes as well as the extended time period over which such repayments may be made.

I.    Based on their consideration of these factors, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable and adequate to Lead Plaintiff and the other members of the McKesson Class, and in their best interests and Lead Plaintiff, with the input of Lead Counsel, has agreed to settle the claim in Definition (z) of the McKesson Stipulation of Settlement on the terms and conditions of this Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between Lead Plaintiff for itself and on behalf of the McKesson Class and Andersen, through their respective attorneys, subject to Court approval, in consideration of the benefits flowing to the Parties from this settlement, that all claims against Andersen with respect to Definition (z) of the McKesson Stipulation of Settlement shall be compromised, released and relinquished, upon and subject to the following terms and conditions:

AGREEMENT BETWEEN LEAD PLAINTIFF AND ARTHUR ANDERSEN LLP
CONCERNING CONTINGENT PAYMENT CLAIM
Master File No: 99-CV-20743 RMW (PVT)

-4-

**DEFINITIONS**

1.      As used in this Agreement, the following terms shall have the following meanings:

a.  "Effective Date" means the first business day following the date the Judgments become Final.

b.  "Final" with respect to the Judgments means: (a) if no appeal is filed, the expiration date of the time provided for filing or noticing of any appeal under the Federal Rules of Civil Procedure, i.e., thirty (30) days after entry of any order or judgment; or (b) if there is an appeal from any order or either one or both of the Judgments, the date of (i) final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise to review the order or judgment, or (ii) the date the order or judgment is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review of the order or judgment, and, if certiorari or other form of review is granted, the date of final affirmance of the order or judgment following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to attorneys' fees, costs or expenses shall not in any way delay or preclude the Judgments from becoming Final.

c.  "Judgments" mean (1) the judgment to be entered by the McKesson Court approving the proposed settlement of the McKesson Settled Claim; and (2) the judgment to be entered by the WorldCom Court approving the proposed settlement of the WorldCom Settled Claim.

d.  "McKesson Action" means the action styled *In re McKesson HBOC, Inc. Securities Litigation*, Master File No. 99-CV-20743 RMW (PVT), that was brought in the United

States District Court for the Northern District of California, San Jose Division.

e.  "McKesson Class" means the Settlement Class defined in Definition (aa) of the McKesson Stipulation of Settlement.

f.  "McKesson Court" means the United States District Court for the Northern District of California, San Jose Division.

g.  "McKesson Settled Claim" means the claim of Lead Plaintiff and the McKesson Class set forth in Definition (z) of the McKesson Stipulation of Settlement including any Unknown Claims (as defined herein)..

h.  "McKesson Settlement Amount" means $9,500,000 in cash.

i.  "McKesson Settlements" means the settlements previously achieved in the McKesson Action that have been approved by the McKesson Court.

j.   "McKesson Stipulation of Settlement" means the Stipulation and Agreement of Settlement between Lead Plaintiff and Defendant Arthur Andersen LLP dated December 19, 2006 in the McKesson Action.

k.  "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with (i) providing notice to the McKesson Class; and (ii) administering the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

l.  "Taxes" means: (i) all federal, state and/or local taxes of any kind on any income earned by the McKesson Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the McKesson Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

AGREEMENT BETWEEN LEAD PLAINTIFF AND ARTHUR ANDERSEN LLP
CONCERNING CONTINGENT PAYMENT CLAIM
Master File No: 99-CV-20743 RMW (PVT)

-6-

m. "Unknown Claims" means any McKesson Settled Claim that Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor as of the Effective Date which, if known by him, her or it, might have affected his, her or its decision to enter into or not to object to this Settlement. With respect to any McKesson Settled Claim, upon the Effective Date, Lead Plaintiff shall have expressly waived, and each other Class Member shall be deemed to have waived, and by operation of the judgment approving this Settlement shall have waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

The Lead Plaintiff shall have expressly waived, and each other Class Member shall be deemed to have waived, and by operation of the judgment approving this Settlement shall have waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. Lead Plaintiff and each other Class Member may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the McKesson Settled Claim, but upon the Effective Date, the Lead Plaintiff shall have expressly fully, finally and forever settled and released, and each other Class Member shall be deemed to have, and by operation of the judgment approving this Settlement shall have, fully, finally, and forever settled and released, any McKesson Settled Claim, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct

AGREEMENT BETWEEN LEAD PLAINTIFF AND ARTHUR ANDERSEN LLP
CONCERNING CONTINGENT PAYMENT CLAIM
Master File No: 99-CV-20743 RMW (PVT)

1   which is negligent, intentional, with or without malice, or a breach of any duty, law or rule,

2   without regard to the subsequent discovery or existence of such different or additional facts.

3          Lead Plaintiff and Andersen acknowledge, and the Class Members shall be deemed by

4   operation of the judgment approving this Settlement to have acknowledged, that the foregoing

5   waiver was separately bargained for and was a key element of the Settlement of which this

6   subparagraph is a part.

7          n.   "WorldCom Action" means the action styled *In re WorldCom, Inc. Securities*

8   *Litigation*, Master File No. 02 Civ. 3288 (DLC) that was brought in the United States District

9   Court for the Southern District of New York.

10         o.   "WorldCom Class" means the Class defined in paragraph 1.d. of the WorldCom

11  Stipulation of Settlement.

12         p.   "WorldCom Court" means the United States District Court for the Southern

13  District of New York.

14         q.   "WorldCom Settled Claim" means the claim of Lead Plaintiff and the WorldCom

15  Class set forth in paragraph 1.gg. of the WorldCom Stipulation of Settlement.

16         r.   "WorldCom Settlements" means the settlements previously achieved in the

17  Action that have been approved by the WorldCom Court.

18         s.   "WorldCom Stipulation of Settlement" means the Stipulation of Settlement

19  between the Parties hereto dated April 22, 2005.

20  **SETTLEMENT CONSIDERATION**

21         2.   In consideration of the settlement of the McKesson Settled Claim against

22  Andersen, Andersen shall pay a total of $9,500,000 as provided for herein.  Payment of such

23  amount shall be contingent upon the entry of Judgments by both the McKesson Court and the

24  AGREEMENT BETWEEN LEAD PLAINTIFF AND ARTHUR ANDERSEN LLP
    CONCERNING CONTINGENT PAYMENT CLAIM

25  Master File No: 99-CV-20743 RMW (PVT)

1    WorldCom Court approving the respective proposed settlements.   Provided that both the

2    McKesson Court and the WorldCom Court enter Judgments approving the respective proposed

3    settlements, the McKesson Settlement Amount shall be deposited by Andersen, in accordance

4    with instructions from Lead Counsel, into an escrow account to be maintained by Lead Counsel,

5    within ten (10) business days of the later of the two Judgments.   Lead Plaintiff agrees not to

6    withdraw the McKesson Settlement Amount or any portion of it from the escrow account until

7    the Effective Date.   If either of the Judgments is reversed on appeal, Lead Plaintiff agrees that

8    the McKesson Settlement Amount with any interest earned, minus the costs of providing notice

9    of this proposed settlement, bank fees and Taxes on the interest earned on the McKesson

10   Settlement Amount, will be returned to Andersen within ten (10) business days of the reversal.

11                        **RELEASE OF MCKESSON SETTLED CLAIM**

12          3.      The obligations incurred pursuant to this Agreement shall be in full and final

13   disposition of any claim against Andersen with respect to its obligations set forth in Definition

14   (z) of the McKesson Stipulation of Settlement, including but not limited to the McKesson

15   Contingent Loan Repayment Obligation, and shall fully and finally release the McKesson Settled

16   Claim as against The Andersen Released Persons.

17          4.      As of the Effective Date, Lead Plaintiff, all McKesson Class Members and their

18   respective heirs, executors, administrators, successors and assigns, and any persons they

19   represent, agree to release, and by operation of the judgment approving this Settlement shall have

20   released, the McKesson Settled Claim against The Andersen Released Persons.

21          5.      As of the Effective Date, Lead Plaintiff, all McKesson Class Members and their

22   respective heirs, executors, administrators, successors and assigns, and any persons they

23   represent, will be forever barred and enjoined from commencing, instituting or prosecuting any

24   AGREEMENT BETWEEN LEAD PLAINTIFF AND ARTHUR ANDERSEN LLP
     CONCERNING CONTINGENT PAYMENT CLAIM
25   Master File No: 99-CV-20743 RMW (PVT)

                                                                                          -9-

1   action against The Andersen Released Persons with respect to, based on, or arising from the

2   McKesson Settled Claim.

3   ## USE OF MCKESSON SETTLEMENT AMOUNT

4        6.    The McKesson Settlement Amount shall be added to the funds remaining in the

5   distribution account for the McKesson Settlements.  After payment of any Taxes, any Notice and

6   Administration Costs and any attorneys' fees and expenses as may be awarded by the McKesson

7   Court, the balance of the McKesson Settlement Amount (the "Net McKesson Settlement

8   Amount") shall be distributed to Authorized Claimants consistent with the provisions of the

9   Court-approved Plan of Allocation for the proceeds of the McKesson Settlements, i.e., the Net

10  McKesson Settlement Amount will be added to the balance in the distribution account for

11  Authorized Claimants, and will be distributed to Authorized Claimants who would receive at

12  least $10.00 in such distribution.  Andersen shall have no responsibility or liability with respect

13  to any notice to the McKesson Class, the payment of any Taxes arising from the payment of the

14  McKesson Settlement Amount or any interest earned thereon, or the distribution of the

15  McKesson Settlement Amount to the McKesson Class.

16  ## ATTORNEYS' FEES AND EXPENSES

17       7.    With the prior approval of Lead Plaintiff, Lead Counsel may separately apply to

18  the McKesson Court for an award of attorneys' fees and expenses in connection with achieving

19  this settlement, provided that such amounts may be paid only from McKesson Settlement

20  Amount obtained pursuant to this settlement.  The disposition of any application by Lead

21  Counsel for an award of attorneys' fees in this Action or in the WorldCom Action is not a

22  material term of this Agreement and it is not a condition of this Agreement that such applications

23  be granted.

24  AGREEMENT BETWEEN LEAD PLAINTIFF AND ARTHUR ANDERSEN LLP
    CONCERNING CONTINGENT PAYMENT CLAIM

25  Master File No: 99-CV-20743 RMW (PVT)

## MISCELLANEOUS PROVISIONS

8.   This Agreement relates only to the settlement and release of claims with respect to Andersen's McKesson Settled Claim.  It supersedes the McKesson Stipulation of Settlement only to the extent provided herein.  In all other respects, the terms and conditions of the McKesson Stipulation of Settlement remain in full force and effect as does the McKesson Court's continuing jurisdiction over the implementation of that agreement.

9.   Neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement: (i) is or may be deemed to be or may be used or offered as an admission or evidence of the validity of any released McKesson Settled Claim or of any wrongdoing or liability of any of The Andersen Released Persons; or (ii) is or may be deemed to be or may be used or offered as an admission or evidence of any fault or omission of any of The Andersen Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than as may be necessary to consummate or enforce this Agreement, the Settlement or the judgment approving this Settlement.

10.   Neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement: (i) is or may be deemed to be or may be used or offered as an admission or evidence against Lead Plaintiff or any McKesson Class Members that any of their claims are without merit or that the Contingent Payment Claim recoverable under Definition (z) of the McKesson Stipulation of Settlement would not have exceeded the McKesson Settlement Amount; or (ii) is or may be deemed to be or may be used or offered as an admission or evidence of any fault or omission of Lead Plaintiff or any McKesson Class Members in any civil, criminal or administrative proceeding in any court,

AGREEMENT BETWEEN LEAD PLAINTIFF AND ARTHUR ANDERSEN LLP
CONCERNING CONTINGENT PAYMENT CLAIM
Master File No: 99-CV-20743 RMW (PVT)

-11-

administrative agency or other tribunal, other than as may be necessary to consummate or enforce this Agreement, the Settlement or the judgment approving this Settlement.

11.     This Agreement constitutes the entire agreement among the Parties concerning this Settlement, and no representations, warranties, or inducements have been made to any party concerning this Agreement other than the representations, warranties and covenants contained and memorialized herein.

12.     This Agreement may be amended or modified only by a written instrument signed by all counsel for the Parties hereto or their successors-in-interest.

13.     The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

14.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

15.     This Agreement may be executed in one or more original and/or faxed or emailed counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the signatories of this Agreement shall exchange among themselves original signed counterparts.

16.     Each counsel signing this Agreement represents that such counsel has authority to sign this Agreement on behalf of its clients.

17.     This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

18.     The construction, interpretation, operation, effect and validity of this Agreement, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that

AGREEMENT BETWEEN LEAD PLAINTIFF AND ARTHUR ANDERSEN LLP
CONCERNING CONTINGENT PAYMENT CLAIM
Master File No: 99-CV-20743 RMW (PVT)

-12-

1   federal law govern.

2        19.    This Agreement shall not be construed more strictly against one Party than

3   another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel

4   for one of the Parties, it being recognized that this Agreement is the result of arm's-length

5   negotiations between the Parties and all Parties have contributed substantially and materially to

6   the preparation of this Agreement.

7        20.    Lead Counsel and Andersen's Counsel agree to cooperate fully with one another

8   in seeking Court approval of the McKesson and WorldCom Settlements, and to use best efforts

9   to promptly agree upon and execute all such other documentation as may be reasonably required

10   to obtain final approval by the respective courts of the Settlements.

11        21.    The administration and consummation of this Settlement as embodied in this

12   Agreement shall be under the authority of the McKesson Court, and the McKesson Court shall

13   retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and

14   expenses and enforcing the terms of this Agreement.

15   Dated: November 6, 2012

16   BERNSTEIN LITOWITZ BERGER &       BARRACK RODOS & BACINE
    GROSSMANN LLP

17

18   David R. Stickney                  Stephen R. Basser
19   Timothy A. DeLange                 One America Plaza
   12481 High Bluff Drive, Suite 300   600 West Broadway, Suite 900
20   San Diego, CA 92130-3582           San Diego, CA 92101
   (858) 793-0070                     (619) 230-0800

21              and                         and

22

23

24   AGREEMENT BETWEEN LEAD PLAINTIFF AND ARTHUR ANDERSEN LLP
   CONCERNING CONTINGENT PAYMENT CLAIM
25   Master File No: 99-CV-20743 RMW (PVT)

                                                           -13-

1   Max W. Berger                      Leonard Barrack
    John  Browne                       Jeffrey W. Golan
2   Rochelle Feder Hansen              M. Richard Komins
    1285 Avenue of the Americas        3300 Two Commerce Square
3   New York, New York 10019           2001 Market Street
    (212) 554-1400                     Philadelphia, Pennsylvania 19103
4                                      (215) 963-0600

5      *Attorneys for Lead Plaintiff, Thomas P. DiNapoli, Comptroller of the State of New York,*
       *as Administrative Head of the New York State and Local Retirement Systems*
6      *and as Trustee of the New York State Common Retirement Fund,*
       *and Co-Lead Counsel for the McKesson Class*
7
    VICK LAW GROUP, APC
8

9   Scott Vick
    800 West 6th Street, Suite 1220
10  Los Angeles, CA 90017
    (213) 784-6227
11

12     *Attorneys for Defendant Arthur Andersen LLP*

13  # 678023

14

15

16

17

18

19

20

21

22

23

24  AGREEMENT BETWEEN LEAD PLAINTIFF AND ARTHUR ANDERSEN LLP
    CONCERNING CONTINGENT PAYMENT CLAIM
25  Master File No: 99-CV-20743 RMW (PVT)
                                                                        -14-

# Exhibit 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re McKESSON HBOC, INC. SECURITIES LITIGATION | Master File No. 99-CV-20743 RMW (PVT) And Related Cases |
| | CLASS ACTION |
| This Document Relates To: ALL ACTIONS. | |

**NOTICE OF PROPOSED SETTLEMENT OF
CONTINGENT PAYMENT CLAIM WITH ARTHUR ANDERSEN LLP**

**TO: All persons or entities who are members of the Settlement Class in the above-caption Litigation.**

PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT.

Lead Plaintiff, Thomas P. DiNapoli, Comptroller of the State of New York, as Administrative Head of the New York State and Local Retirement Systems and as Trustee of the New York State Common Retirement Fund, achieved recoveries from defendants in the McKesson HBOC securities class action litigation (the "Litigation") totaling in excess of $1.04 billion plus interest for the benefit of the Settlement Class (defined in ¶¶ 12 and 13 below). Pursuant to Orders of the Court approving the settlements achieved, the Litigation was resolved.

One of the settlements achieved (in 2006) was with defendant Arthur Andersen LLP ("Andersen"), HBO & Company's outside auditor, for a cash payment of $72.5 million, as well as the possibility of certain contingent payments described in paragraph 2 below (the "Contingent Payment Claim").[1]

This Notice is to apprise Class Members of a proposed settlement that, if approved, will settle and release the Contingent Payment Claim in return for the immediate payment by Andersen of an additional $9.5 million in cash (the "Settlement").[2]  The effectiveness of this

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein have the meanings provided in the Agreement Between Lead Plaintiff and Arthur Andersen LLP Concerning Contingent Payment Claim dated November 6, 2012 (the "Agreement") or the Stipulation of Settlement between Plaintiffs and Andersen dated December 19, 2006 (the "McKesson Stipulation of Settlement"), both of which are available at www.mckessonhbocsettlement.com.

[2]  The $9.5 million settlement amount (the "Settlement Amount") less any taxes, notice and administration costs and any attorneys' fees and expenses awarded by the Court (the "Net Settlement

1

Settlement is contingent on its approval by the Court and the approval of a parallel proposed settlement by the Court in *In re WorldCom, Inc. Securities Litig.*, Master File No. 02 Civ. 3288 (DLC), pending in the United States District Court for the Southern District of New York.

The Court has scheduled a Settlement Hearing to consider the fairness of the proposed Settlement and Lead Counsel's motion for an award of attorneys' fees in the amount of $134,930 (1.42% of the Settlement Amount) and reimbursement of expenses in an amount not to exceed $40,000, to be held on _____, 201__ at __:____ .m. before the Honorable Ronald M. Whyte at the United States District Court for the Northern District of California, San Jose Division, San Jose Courthouse, Courtroom 6, Fourth Floor, 280 South First Street, San Jose, CA 95113.

You do not need to attend the Settlement Hearing or take any other action. If the Settlement and the proposed settlement in the WorldCom Action are approved, the Net Settlement Amount will be added to the remaining funds available for distribution to eligible claimants in the Litigation. As discussed below in paragraphs 19 - 22, if you wish to object to the Settlement, you must submit an objection in accordance with the instructions set forth below, so that it is *received* no later than _____, 201__.

Lead Plaintiff and the Settlement Class are represented by Bernstein Litowitz Berger & Grossmann LLP and Barrack Rodos & Bacine (together, "Lead Counsel").[3]

## BACKGROUND OF AND REASONS FOR THE PROPOSED SETTLEMENT

1.    This Litigation was resolved by settlements with the various defendants, which were approved by the Court in February 2006, April 2007, and January 2008 and which resulted in an aggregate settlement amount of over $1.04 billion.

2.    One of the settlements achieved in the Litigation was with Andersen. Under the Stipulation of Settlement between Plaintiffs and Andersen dated December 19, 2006 (the "McKesson Stipulation of Settlement"), Lead Plaintiff and the Settlement Class agreed to settle all claims in the Litigation against Andersen, in exchange for a cash payment of $72.5 million plus the possibility of certain contingent payments. Specifically, under the terms of the McKesson Stipulation of Settlement, Andersen was obligated to make two contingent payments based on (i) an amount equivalent to 5% of the amounts, if any, actually paid by Andersen to its present or former partners, participating principals, national partners and national directors in repayment of any and all subordinated notes (the "Notes") issued in respect of paid in capital and/or subordinated loans (the "Contingent Loan Repayment Obligation") and (ii) an amount equal to the difference between any Net Cash Amount paid by Andersen in settlement of any other single legal action and the $72.5 million Cash Payment. These two contingent payment obligations are referred to collectively as the "Contingent Payment Claim".

---

Amount") will be distributed to those Class Members who, pursuant to Orders of the Court, are eligible to receive further distributions from the proceeds recovered in settlement of the Litigation.

[3] Lead Counsel may be contacted by mail at the addresses set forth in paragraph 19, by telephone at 800-380-8496 (Bernstein Litowitz Berger & Grossmann LLP) and 215-963-0600 (Barrack Rodos & Bacine), or by email at blbg@blbglaw.com or info@barrack.com.

3.      In the McKesson Stipulation of Settlement, the Parties specifically acknowledged that payment on the Notes was suspended at the time the stipulation was entered into and that repayment of the Notes was contingent on many factors.  At the time the McKesson Stipulation of Settlement was entered into Andersen confronted substantial litigation claims and other contingencies which had caused it to suspend all payments on the Notes and rendered it highly uncertain whether, when or to what extent Andersen would be in a position to make any repayments with respect to the Notes.

4.      While Andersen now anticipates making some repayments with respect to the Notes, the timing and amounts of any such repayments remains uncertain and subject to multiple contingencies.  To the extent that Andersen makes repayments on the Notes in the future, such repayments would trigger the Contingent Loan Repayment Obligation under the terms of the McKesson Stipulation of Settlement.  The ultimate amounts of any such repayments with respect to the Notes, the number of such repayments, and the time period over which any such repayments would be made, however, are still unknown and may not become known for years. Additionally, no other single legal action against Andersen has produced a settlement with a net cash payment exceeding $72.5 million that would trigger the second contingent payment obligation.

## WHAT DOES THE PROPOSED SETTLEMENT PROVIDE?

5.      The proposed Settlement, the terms of which are set forth in the Agreement Between Lead Plaintiff and Arthur Andersen LLP Concerning Contingent Payment Claim dated November 6, 2012 (the "Agreement"), will settle and release the Contingent Payment Claim in exchange for the payment of $9.5 million in cash by Andersen.

6.      As of the Effective Date of the Settlement, Lead Plaintiff, all members of the Settlement Class (defined in paragraphs 12 and 13 below) and their respective heirs, executors, administrators, successors and assigns, and any persons they represent, (a) agree to release, and by operation of the Judgment shall have released, the McKesson Settled Claim against The Andersen Released Persons and (b) will be forever barred and enjoined from commencing, instituting or prosecuting any action against The Andersen Released Persons with respect to, based on, or arising from the McKesson Settled Claim.

7.      The "McKesson Settled Claim" means the claim of Lead Plaintiff and the Class set forth in Definition (z) of the McKesson Stipulation of Settlement including Unknown Claims as defined in the Agreement.  Andersen's obligation under Definition (z) of the McKesson Stipulation of Settlement was to pay (i) the $72.5 million in cash (which it did in 2006) and (ii) the Contingent Payment Claim described above in paragraph 2.

8.      "The Andersen Released Persons" means Andersen, AWSC Société Cooperative, en liquidation ("AWSC"), an entity which coordinated a network of international accounting firms of which Andersen was a member (the "Andersen Network"), the Andersen Network, and all of their respective past, present and future members, member firms, partners, principals, participating principals, national directors, managing or other agents, management personnel, officers, directors, shareholders, administrators, servants, employees, consultants, advisors, insurers, reinsurers, attorneys, accountants, representatives parent companies, subsidiaries, related entities, divisions, affiliates, predecessors, successors and assigns, along with the heirs,

3

spouses, estates, executors, administrators, personal representatives, insurers, reinsurers, representatives, estates, successors, and assigns of any such Person.

9.     As noted above, under the terms of the Agreement, the effectiveness of the Settlement is contingent not only on approval of the Settlement by this Court, but also on the approval of a parallel proposed settlement entered into between Lead Plaintiff and Andersen in the WorldCom Action.  The proposed settlement in the WorldCom Action concerns contingent obligations with respect to the same Notes as well as a contingent obligation based on the net cash amount paid by Andersen in settlement of any other legal action.

## WHAT ARE THE REASONS FOR THE SETTLEMENT?

10.     Lead Plaintiff and Lead Counsel believe that the proposed Settlement is in the best interests of the Class in light of the continuing uncertainty as to the amount, if any, that could be recovered pursuant to the Contingent Payment Claim and the possibility that any such recovery might be delayed for years.

11.     Lead Plaintiff and Lead Counsel have considered the contingencies and uncertainties that could affect the ultimate amount of the repayments made in respect of the Notes as well as the extended time period over which such repayments may be made.  Based on their consideration of these factors, Lead Plaintiff and Lead Counsel have concluded that an immediate and certain payment of $9.5 million in satisfaction of the contingent obligations is fair, reasonable and adequate to Lead Plaintiff and the other members of the Class, and in their best interests.

## WHO IS A MEMBER OF THE CLASS?

12.     The "Settlement Class" or "Class" means all persons and entities who purchased or otherwise acquired publicly traded securities of HBO & Company ("HBOC") during the period from January 20, 1997 through and including January 12, 1999 and all persons or entities who purchased or otherwise acquired call options or sold put options of HBOC during the period from January 20, 1997 through and including April 27, 1999, and who were injured thereby; all persons and entities who purchased or otherwise acquired publicly traded securities or call options, or who sold put options, of McKesson Corporation ("McKesson") or of McKesson HBOC, Inc. during the period from October 18, 1998 through and including April 27, 1999, and who were injured thereby; and all persons and entities who held McKesson common stock on November 27, 1998 and still held those shares on January 12, 1999 and who were injured thereby.

13.     Excluded from the Class are: (i) all defendants in the Litigation; (ii) members of the immediate family of each individual defendant; (iii) any entity in which any defendant has a controlling interest; (iv) any person who was an officer or a director of HBOC or McKesson (or their subsidiaries or affiliates) during the Settlement Class Period; (v) any person who was an officer, director, employee or affiliate of Bear Stearns during the Settlement Class Period; (vi) any person who was a partner in Arthur Andersen during the Settlement Class Period; and (vii) the legal representatives, heirs, successors or assigns of any such excluded party.  Also excluded from the Class are all persons who were excluded from the Class by the Court in response to a request for exclusion.

**WHAT PAYMENT ARE ATTORNEYS FOR THE CLASS SEEKING?**

14.    The Court-approved Lead Counsel for the Class, Bernstein Litowitz Berger & Grossmann LLP and Barrack Rodos & Bacine, will apply to the Court for an award of attorneys' fees in amount of $134,930 (1.42% of the Settlement Amount) and for reimbursement of expenses incurred in an amount not to exceed $40,000.  The Court will determine the amount of attorneys' fees and expenses to be awarded, which will paid from the Settlement Amount.  Class Members are not individually responsible for any of these attorneys' fees or expenses.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**

15.    A hearing will be held on _____, 201__, at __:__ __.m., before the Honorable Ronald M. Whyte in the United States District Court for the Northern District of California, San Jose Division, San Jose Courthouse, Courtroom 6, Fourth Floor, 280 South 1st Street, San Jose, CA 95113.  At the Settlement Hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate and should be approved, and whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of expenses should be approved.

16.    Class Members may appear at the Settlement Hearing and be heard on any of the foregoing matters, if they have satisfied the procedures identified in paragraphs 19-26, below. Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.

**WHAT DO I NEED TO DO?**

17.    Nothing.  Unless you wish to object to the Settlement and/or the motion for an award of attorneys' fees and reimbursement of expenses or be heard at the Settlement Hearing (discussed below), you do not need to take any action.

**HOW WILL THE SETTLEMENT AMOUNT BE DISTRIBUTED TO CLASS MEMBERS?**

18.    **You do not need to submit a claim form or take any other action.**  If the Settlement and the parallel WorldCom Action settlement are approved by the respective courts, the Net Settlement Amount will be added to the balance remaining in the McKesson Net Settlement Funds for distribution to previously approved Authorized Claimants who, pursuant to the Order Approving Motion for Re-Distribution of Settlement Funds dated September 7, 2011 (the "Distribution Order") and the Order of the Court preliminarily approving the Settlement and providing for notice dated _____, 201__ (the "Preliminary Approval Order"), are eligible to participate in the fourth distribution.[4]   The Net Settlement Amount will be allocated in

---

[4]  To date there have been three distributions from the McKesson Net Settlement Fund.  Pursuant to the terms of the Distribution Order and the Preliminary Approval Order, only those Authorized Claimants

accordance with the Court-approved Plan of Allocation applicable to the previous Andersen settlement.[5]

**WHAT ARE THE PROCEDURES FOR OBJECTING TO THE SETTLEMENT?**

19.     Any Class Member may object to the proposed Settlement and/or the motion for an award of attorneys' fees and reimbursement of expenses. Objections must be in writing. Any objection, together with copies of all other papers and briefs supporting the objection, must be filed with the Clerk's Office at the United States District Court for the Northern District of California, San Jose Division on or before _____, 201__. The papers must also be served on Lead Counsel and Andersen's Counsel at the addresses set forth below so that the papers are *received* on or before _____, 201__.

| **Clerk's Office** | **Lead Counsel** | **Andersen's Counsel** |
|---|---|---|
| Clerk of the Court<br>United States District Court for the<br>   Northern District of California<br>280 South First Street, Room 2112<br>San Jose, CA 95113 | John C. Browne, Esq.<br>BERNSTEIN LITOWITZ BERGER<br>   & GROSSMANN LLP<br>1285 Avenue of the Americas<br>New York, NY 10019<br><br>Jeffrey W. Golan, Esq.<br>BARRACK RODOS & BACINE<br>3300 Two Commerce Square<br>2001 Market Street<br>Philadelphia, PA 19103 | Scott Vick, Esq.<br>VICK LAW GROUP, APC<br>800 West 6th Street, Suite 1220<br>Los Angeles, CA 90017 |

20.     Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; and (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention. If you wish to object but you have not received a distribution payment in this Litigation, you must also include documents sufficient to show your membership in the Class with your objection.

21.     You may not object to the Settlement or the motion for an award of attorneys' fees and reimbursement of expenses if you excluded yourself from the Class or if you are not a member of the Class.

22.     Unless otherwise ordered by the Court, any Class Member who does not make and serve his, her or its objection or opposition in the manner provided shall be deemed to have waived all objections and opposition to the issues described in this Notice.

---

who cashed their third distribution check and whose *pro rata* share of the next re-distribution would be at least $10.00 will receive checks in the fourth distribution.

[5] The Plan of Allocation is set forth in the Notice of Pendency and Proposed Settlement of Class Action with Arthur Andersen LLP available at www.mckessonhbocsettlement.com.

**HOW CAN I SPEAK AT THE SETTLEMENT HEARING?**

23.     If you wish to be heard at the hearing in opposition to approval of the Settlement and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Andersen's Counsel at the addresses set forth above so that it is *received* on or before _____, 201__.

24.     You may file an objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above.

25.     You do not need to hire an attorney in order to make a written objection to the Settlement and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses or to appear at the Settlement Hearing. If you do decide to hire an attorney, which will be at your own expense, however, he or she must file a notice of appearance with the Court and serve it on Lead Counsel and Andersen's Counsel at the addresses set forth above so that the notice is *received* on or before _____, 201__.

26.     The Settlement Hearing may be adjourned by the Court without further notice to the Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**HOW CAN I GET MORE INFORMATION ABOUT THE SETTLEMENT?**

27.     You may obtain a full copy of the Agreement Between Lead Plaintiff and Arthur Andersen LLP Concerning Contingent Payment Claim at www.mckessonhbocsettlement.com, or by writing to the Court-approved Administrator, as follows:

> In re McKesson HBOC Securities Litigation
> c/o  BMC Group Class Action Services
> P.O. Box 2005
> Chanhassen, MN 55317-2005
> Tel:    1-866-217-3485 (toll free)
> _____@_____.com

You may also obtain additional copies of this Notice by calling, writing or emailing the Claims Administrator at the numbers or addresses above at any time prior to the Settlement Hearing. Additional information about the Litigation and the previous settlements is also available at www.mckessonhbocsettlement.com. Lead Plaintiff's motion papers in support of approval of the Settlement, Lead Counsel's papers in support of their motion for an award of attorneys' fees and reimbursement of expenses and any related Orders of the Court will also be posted on www.mckessonhbocsettlement.com.

For other inquiries, you may contact Lead Counsel at the addresses set out in paragraph 19 above, by telephone at 800-380-8496 (Bernstein Litowitz Berger & Grossmann LLP) and 215-963-0600 (Barrack Rodos & Bacine), or by email at _____.

**PLEASE DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT FOR INFORMATION OR ADVICE.**

Dated: _____ __, 201__

By Order of the United States District Court
for the Northern District of California

HONORABLE RONALD M. WHYTE
United States District Judge

#678787

# Exhibit 3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re McKESSON HBOC, INC. SECURITIES LITIGATION | Master File No. 99-CV-20743 RMW (PVT) And Related Cases |
| | CLASS ACTION |
| This Document Relates To: ALL ACTIONS. | |

## SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CONTINGENT PAYMENT CLAIM WITH ARTHUR ANDERSEN LLP

**TO:** **All persons or entities who are members of the Settlement Class in the above-caption Litigation.[1]**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A PROPOSED SETTLEMENT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California, that Lead Plaintiff in the above-captioned litigation (the "Litigation") has reached a proposed settlement with Arthur Andersen LLP ("Andersen").

Lead Plaintiff previously achieved settlements in this Litigation with various defendants totaling in excess of $1.04 billion plus interest for the benefit of the Settlement Class. One of the settlements previously achieved was with Andersen and it provided for a cash payment of $72.5 million, as well as the possibility of certain contingent payments (the "Contingent Payment Claim"). The currently proposed settlement will settle and release the Contingent Payment Claim in return for the immediate payment by Andersen of an additional $9.5 million in cash (the "Settlement").

---

[1] The Settlement Class (or "Class") means all persons and entities who (i) purchased or otherwise acquired public traded securities of HBO & Company ("HBOC") during the period from January 20, 1997 through and including January 12, 1999, (ii) purchased or otherwise acquired call options or sold put options of HBOC during the period from January 20, 1997 through and including April 27, 1999, (iii) purchased or otherwise acquired publicly traded securities or call options or sold put options of McKesson Corporation ("McKesson") or McKesson HBOC, Inc. during the period from October 18, 1998 through and including April 27, 1999, or (iv) held McKesson common stock on November 27, 1998 and still held those shares on January 12, 1999; and who were injured thereby. The Class does not include persons or entities who were excluded from the Class pursuant to a request for exclusion or who were excluded by definition as set forth in the Stipulation and Agreement of Settlement between Lead Plaintiff and Defendant Arthur Andersen LLP dated December 19, 2006.

A hearing will be held on _____, 201__ at __:__ _.m before the Honorable Ronald M. Whyte in the United States District Court for the Northern District of California, San Jose Division, San Jose Courthouse, Courtroom 6, Fourth Floor, 280 South First Street, San Jose, CA 95113. At this Settlement Hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate and should be approved, and whether a motion by Lead Counsel for an award of attorneys' fees in the amount of $134,930 (1.42% of the $9.5 million Settlement Amount) and reimbursement of expenses in an amount not to exceed $40,000 should be approved.

**If you are a member of the Class, your rights will be affected by the Settlement. PLEASE NOTE, however, that only Class Members who submitted valid claim forms, cashed their most recent distribution from the proceeds of the earlier settlements achieved in the Litigation, and who would be entitled to a minimum payment of $10.00 in the next distribution (which will include the proceeds of this Settlement, if approved), will be eligible to participate in the distribution of the proposed Settlement.**

### THERE IS NO CLAIM FORM TO BE SUBMITTED IN CONNECTION WITH THIS PROPOSED SETTLEMENT.

**Distributions will be made based on the previously submitted claim forms.**

Please review the full Notice of Proposed Settlement of Contingent Payment Claim With Arthur Andersen LLP (the "Notice"), which provides more details about the proposed Settlement. The Notice is available for downloading at www.mckessonhbocsettlement.com and from Lead Counsel's websites, www.blbglaw.com and www.barrack.com. Copies of the Notice can also be requested by writing to *In re McKesson HBOC Inc. Securities Litigation*, c/o BMC Group Class Action Services, P.O. Box 2005, Chanhassen, MN 55317-2005, by telephone at 1-866-217-3485 (toll free), or by emailing a request to _____, at any time prior to the Settlement Hearing.

Any objections to the proposed Settlement or Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Andersen's Counsel such that they are *received* no later than _____, 201__, in accordance with the instructions set forth in the Notice.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE. Inquiries, other than requests for the Notice, may be made to Lead Counsel:

| | |
|---|---|
| John C. Browne, Esq. | Jeffrey W. Golan, Esq. |
| BERNSTEIN LITOWITZ | BARRACK RODOS & BACINE |
|    BERGER & GROSSMANN LLP | 3300 Two Commerce Square |
| 1285 Avenue of the Americas | 2001 Market Street |
| New York, NY 10019 | Philadelphia, PA 19103 |
| (800) 380-8496 | (215) 963-0600 |
| www.blbglaw.com | www.barrack.com |

Dated: _____ __, 201_                                    By Order of the Court

#678785

# Exhibit 4

1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re McKESSON HBOC, INC.<br>SECURITIES LITIGATION | Master File No. 99-CV-20743 RMW (PVT)<br>And Related Cases<br><br>CLASS ACTION |
| This Document Relates To:<br><br>    ALL ACTIONS. | |

13

14

15

16

17

18

**[PROPOSED] JUDGMENT APPROVING SETTLEMENT
WITH ARTHUR ANDERSEN LLP OF CONTINGENT PAYMENT CLAIM**

19

    On this ___ day of _____, 201__, a hearing having been held before this Court to

20

determine (1) whether the terms and conditions of the Agreement Between Lead Plaintiff and

21

Arthur Andersen LLP Concerning Contingent Payment Claim, dated November 6, 2012 (the

22

"Agreement") are fair, reasonable and adequate for the settlement of all claims against Arthur

23

24

[PROPOSED] JUDGMENT APPROVING SETTLEMENT WITH
ARTHUR ANDERSEN LLP OF CONTINGENT PAYMENT CLAIM
Master File No: 99-CV-20743 RMW (PVT)

25

1   Andersen LLP ("Andersen" or "AALLP") with respect to Definition (z) of the Stipulation of

2   Settlement between Lead Plaintiff and Andersen dated December 19, 2006 (the "McKesson

3   Stipulation of Settlement"); and (2) whether judgment should be entered and the McKesson

4   Settled Claim, as defined below, should be released in favor of Andersen and the other Andersen

5   Released Persons, as defined below, as against all McKesson Class Members who were not

6   excluded from the McKesson Class;

7          And it appearing that the Notice of the hearing substantially in the form approved by the

8   Court was published on the case website maintained by the Claims Administrator as well as Lead

9   Counsel's firm websites and the Summary Notice was mailed in accordance with the provisions

10  of the Order of this Court preliminarily approving the Settlement and providing for notice dated

11  _____, 201_ and was published over the *PR Newswire*, pursuant to the specifications of

12  the Court;

13         And the Court, having considered all matters submitted to it at the hearing, along with all

14  prior submissions by the parties to the Settlement and others, and otherwise having determined

15  the fairness, reasonableness and adequacy of the Settlement;

16  NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

17         1.      This Order incorporates by reference the definitions in the Agreement and the

18  McKesson Stipulation of Settlement, and all capitalized terms used herein have the same

19  meanings as set forth in the Agreement or the McKesson Stipulation of Settlement.

20         2.      This Court has jurisdiction over the subject matter of this Litigation and over all

21  members of the McKesson Class (the "Class").

22         3.      The Settlement, including the release in Paragraph 4 of the Agreement concerning

23  the Contingent Payment Claim, is approved as fair, reasonable and adequate, and in the best

24  [PROPOSED] JUDGMENT APPROVING SETTLEMENT WITH
    ARTHUR ANDERSEN LLP OF CONTINGENT PAYMENT CLAIM
25  Master File No: 99-CV-20743 RMW (PVT)

                                                                                    -2-

1   interests of the Class.  The parties to the Settlement are directed to consummate the Settlement in

2   accordance with the terms and provisions of the Agreement.

3         4.    The Court reaffirms that all elements for maintenance of this Litigation as a class

4   action have been met as originally set forth in the Final Judgment and Order of Dismissal in this

5   action dated April 13, 2007 (the "April 13, 2007 Judgment") [Docket No. 1562].  Specifically,

6   the Class satisfies the numerosity requirement of Rule 23(a)(1); there are common issues of fact

7   and law sufficient to satisfy Rule 23(a)(2); the claims of the Lead Plaintiff are typical of the

8   claims of absent Class Members, satisfying Rule 23(a)(3); the Lead Plaintiff is an adequate

9   representative of the Class, satisfying Rule 23(a)(4); common issues predominate over individual

10  issues, satisfying Rule 23(b)(3)(i); and class action treatment of this Litigation is a superior

11  method of proceeding in this matter, satisfying Rule 23(b)(3)(ii).

12        5.    The Class consists of all persons and entities who purchased or otherwise

13  acquired publicly traded securities of HBO & Company ("HBOC") during the period from

14  January 20, 1997 through and including January 12, 1999, and all persons or entities who

15  purchased or otherwise acquired call options or sold put options of HBOC during the period

16  from January 20, 1997 through and including April 27, 1999, and who were injured thereby; all

17  persons and entities who purchased or otherwise acquired publicly traded securities or call

18  options, or who sold put options, of McKesson or of McKesson HBOC, Inc. during the period

19  from October 18, 1998 through and including April 27, 1999, and who were injured thereby; and

20  all persons and entities who held McKesson common stock on November 27, 1998 and still held

21  those shares on January 12, 1999 and who were injured thereby.  Excluded from the Class are: (i)

22  all present and former defendants; (ii) members of the immediate family of each individual

23  defendant; (iii) any entity in which any defendant has a controlling interest; (iv) any person who

24  [PROPOSED] JUDGMENT APPROVING SETTLEMENT WITH
    ARTHUR ANDERSEN LLP OF CONTINGENT PAYMENT CLAIM
25  Master File No: 99-CV-20743 RMW (PVT)
                                                                    -3-

was an officer or a director of HBOC or McKesson (or their subsidiaries or affiliates) during the Settlement Class Period; (v) any person who was an officer, director, employee or affiliate of Bear Stearns & Co. Inc. ("Bear Stearns") during the Settlement Class Period; (vi) any person who was a partner in Arthur Andersen during the Settlement Class Period; and (vii) the legal representatives, heirs, successors or assigns of any such excluded party. "Officer of HBOC or McKesson" means any person employed by HBOC or McKesson who held a position at or above the level of assistant vice president. Also excluded from the Class are all the Persons and entities listed on Exhibit A to the April 13, 2007 Judgment.

6.      "McKesson Settled Claim" means the claim of Lead Plaintiff and the McKesson Class set forth in Definition (z) of the McKesson Stipulation of Settlement including Unknown Claims as set forth in Paragraph 1, Definition (m) of the Agreement.

7.      "The Andersen Released Persons" means AALLP, AWSC Société Cooperative, en liquidation ("AWSC"), an entity which coordinated a network of international accounting firms of which AALLP was a member (the "Andersen Network"), the Andersen Network, and all of their respective past, present and future members, member firms, partners, principals, participating principals, national directors, managing or other agents, management personnel, officers, directors, shareholders, administrators, servants, employees, consultants, advisors, insurers, reinsurers, attorneys, accountants, representatives parent companies, subsidiaries, related entities, divisions, affiliates, predecessors, successors and assigns, along with the heirs, spouses, estates, executors, administrators, personal representatives, insurers, reinsurers, representatives, estates, successors, and assigns of any such Person.

8.      As of the Effective Date, Lead Plaintiff, all McKesson Class Members and their respective heirs, executors, administrators, successors and assigns, and any persons they

[PROPOSED] JUDGMENT APPROVING SETTLEMENT WITH
ARTHUR ANDERSEN LLP OF CONTINGENT PAYMENT CLAIM
Master File No: 99-CV-20743 RMW (PVT)

-4-

1    represent, release, and by operation of this Judgment shall have released, the McKesson Settled

2    Claim against The Andersen Released Persons.

3            9.      As of the Effective Date, Lead Plaintiff, all McKesson Class Members and their

4    respective heirs, executors, administrators, successors and assigns, and any persons they

5    represent, will be forever barred and enjoined from commencing, instituting or prosecuting any

6    action against The Andersen Released Persons with respect to, based on, or arising from the

7    McKesson Settled Claim.

8            10.     Neither the Agreement nor the Settlement, nor any act performed or document

9    executed pursuant to or in furtherance of the Agreement or the Settlement: (i) is or may be

10   deemed to be or may be used or offered as an admission or evidence of the validity of any

11   released McKesson Settled Claim or of any wrongdoing or liability of any Andersen Released

12   Person; or (ii) is or may be deemed to be or may be used or offered as an admission or evidence

13   of any fault or omission of any Andersen Released Person in any civil, criminal or administrative

14   proceeding in any court, administrative agency or other tribunal, other than as may be necessary

15   to consummate or enforce the Agreement, the Settlement or this Judgment.

16           11.     Neither the Agreement nor the Settlement, nor any act performed or document

17   executed pursuant to or in furtherance of the Agreement or the Settlement: (i) is or may be

18   deemed to be or may be used or offered as an admission or evidence against Lead Plaintiff or any

19   McKesson Class Members that any of their claims are without merit or that the Contingent

20   Payment Claim recoverable under Definition (z) of the McKesson Stipulation of Settlement

21   would not have exceeded the McKesson Settlement Amount; or (ii) is or may be deemed to be or

22   may be used or offered as an admission or evidence of any fault or omission of Lead Plaintiff or

23   any McKesson Class Members in any civil, criminal or administrative proceeding in any court,

24   [PROPOSED] JUDGMENT APPROVING SETTLEMENT WITH
     ARTHUR ANDERSEN LLP OF CONTINGENT PAYMENT CLAIM
     Master File No: 99-CV-20743 RMW (PVT)

25                                                                                      -5-

1  administrative agency or other tribunal, other than as may be necessary to consummate or

2  enforce the Agreement, the Settlement or this Judgment.

3      12.   Exclusive jurisdiction is hereby retained over the parties and the McKesson Class

4  Members for all matters relating to this Litigation, including the administration, interpretation,

5  effectuation or enforcement of the Agreement and this Judgment.  Without affecting the finality

6  of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a)

7  the Parties for purposes of the administration, interpretation, implementation and enforcement of

8  the Settlement; (b) the disposition of the McKesson Settlement Amount; (c) any motion by Lead

9  Counsel for an award of attorneys' fees and reimbursement of expenses that will be paid from

10  the McKesson Settlement Amount; and (d) the McKesson Class Members for all matters relating

11  to the Litigation.

12      13.   A separate order shall be entered regarding Lead Counsel's motion for an award

13  of attorneys' fees and reimbursement of expenses.  Such order shall in no way affect or delay the

14  finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15      14.   Without further approval from the Court, the Parties are hereby authorized to

16  agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached

17  thereto to effectuate this Settlement that: (i) are not materially inconsistent with this Judgment;

18  and (ii) do not materially limit the rights of McKesson Class Members in connection with the

19  Settlement.  Without further order of the Court, Lead Plaintiff and Andersen may agree to

20  reasonable extensions of time to carry out any provisions of the Settlement.

21      15.   If the Effective Date does not occur, the Settlement is terminated as provided in

22  the Agreement, or the McKesson Settlement Amount is not deposited by Andersen or is

23  subsequently required to be returned, then this Judgment (and any orders of the Court relating to

24  [PROPOSED] JUDGMENT APPROVING SETTLEMENT WITH
   ARTHUR ANDERSEN LLP OF CONTINGENT PAYMENT CLAIM
25  Master File No: 99-CV-20743 RMW (PVT)

-6-

1   the Settlement) shall be vacated, rendered null and void and be of no further force or effect,

2   except as otherwise provided by the Agreement.

3         16.     There is no just reason to delay entry of this Judgment and immediate entry by

4   the Clerk of the Court is expressly directed.

5

6   Dated:      _____, 201\_\_      _____

7                                        RONALD M. WHYTE
United States District Judge

8   # 678786

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

[PROPOSED] JUDGMENT APPROVING SETTLEMENT WITH
ARTHUR ANDERSEN LLP OF CONTINGENT PAYMENT CLAIM
Master File No: 99-CV-20743 RMW (PVT)

-7-