1  **BARRACK, RODOS & BACINE**
   Stephen R. Basser (121590)
2  Samuel M. Ward (216562)
   600 West Broadway, Suite 900
3  San Diego, CA 92101
   Telephone: (619) 230-0800
4  Fax: (619) 230-1874

5  – and –

6  Leonard Barrack
   Jeffrey W. Golan
7  Chad Carder
   3300 Two Commerce Square
8  2001 Market Street
   Philadelphia, PA 19103
9  Telephone: (215) 963–0600
   Fax: (215) 963–0838

**BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP**
David R. Stickney (188574)
Timothy A. DeLange (190768)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 793-0070
Fax: (858) 793-0323

– and –

Max W. Berger
John C. Browne
Rochelle Feder Hansen
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 554-1400
Fax: (212) 554-1444

**Filed**

JAN 0 4 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

10

11  *Attorneys for Lead Plaintiff Thomas P. DiNapoli, Comptroller of the State of New York, as*
12  *Administrative Head of the New York State and Local Retirement Systems and as Trustee of the*
    *New York State Common Retirement Fund and Co-Lead Counsel for the Class*

1792

13              UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                   SAN JOSE DIVISION

16  In re McKESSON HBOC, INC.          )  Master File No.: 99-CV-20743 RMW-
17  SECURITIES LITIGATION              )  (PVT)
                                       )  And Related Cases
    _____)
18                                     )
    This Document Relates To:          )  CLASS ACTION
19                                     )
             ALL ACTIONS.             )  JOINT DECLARATION OF JEFFREY
20                                     )  W. GOLAN AND JOHN C. BROWNE
                                       )  IN SUPPORT OF FINAL APPROVAL
21                                     )  OF SETTLEMENT WITH ARTHUR
                                       )  ANDERSEN LLP OF CONTINGENT
22                                     )  PAYMENT CLAIM, AND IN
                                       )  SUPPORT OF LEAD COUNSEL'S
23                                     )  APPLICATION FOR AN AWARD OF
                                       )  ATTORNEYS' FEES AND
24                                     )  REIMBURSEMENT OF EXPENSES
                                       )
25                                     )  DATE:   February 8, 2013
                                       )  TIME:   9:00 AM
26                                     )  CTRM:   6, 4th Floor
                                       )  JUDGE:  Honorable Ronald M. Whyte
27  _____)

JOINT DECLARATION OF JEFFREY W. GOLAN AND JOHN C. BROWNE
Master File No.: C99-20743 RMW-PVT

**BY FAX**

1  We, Jeffrey W. Golan and John C. Browne, are partners of the law firms Barrack, Rodos

2  & Bacine and Bernstein Litowitz Berger & Grossmann LLP, respectively. Our firms serve as

3  Co-Lead Counsel to the Lead Plaintiff Thomas P. DiNapoli, Comptroller of the State of New

4  York, as Administrative Head of the New York State and Local Retirement Systems and as

5  Trustee of the New York State Common Retirement Fund (the "NYSCRF"), in the above-

6  captioned litigation. We submit this joint declaration in support of final approval of the

7  settlement with Arthur Andersen LLP ("Andersen") of the outstanding contingent payment

8  claim, and in support of Lead Counsel's application for an award of attorneys' fees and

9  reimbursement of expenses. The matters set forth herein are true and correct to the best of our

10  personal knowledge, information and belief.

11  1.  This Litigation was resolved by multiple settlements with the various defendants,

12  including the settlement of the claims of the McKesson Class against (a) McKesson HBOC, Inc.

13  and HBO & Company for $960 million, which was given final approval by this Court on

14  February 24, 2006; (b) Andersen for $72.5 million in cash and potential contingent claims, which

15  was given final approval by this Court on April 13, 2007; and (c) Bear, Stearns & Co. Inc. for

16  $10 million, which was given final approval by this Court on January 18, 2008.

17  2.  In the Stipulation of Settlement between Lead Plaintiff and Andersen dated

18  December 19, 2006 (the "McKesson Stipulation of Settlement"), Lead Plaintiff agreed to settle

19  all claims of the McKesson Class in the Litigation against Andersen in exchange for a cash

20  payment of $72.5 million plus the possibility of certain contingent payments. Specifically, under

21  the terms of the McKesson Stipulation of Settlement, Andersen was obligated to make two

22  contingent payments based on (a) an amount equivalent to 5% of the amounts, if any, actually

23  paid by Andersen to its present or former partners, participating principals, national partners and

1   national directors in repayment of any and all subordinated notes (the "Notes") issued in respect

2   of paid in capital and/or subordinated loans (the "Contingent Loan Repayment Obligation") and

3   (b) an amount equal to the difference between any Net Cash Amount paid by Andersen in

4   settlement of any other single legal action and the $72.5 million Cash Payment (together, the

5   "Contingent Payment Claim").

6        3.     The McKesson Stipulation of Settlement specifically acknowledged the

7   understanding of each of the Parties that payment on the Notes was suspended at the time the

8   stipulation was entered into and that repayment on the Notes was contingent on many factors.  At

9   the time of the McKesson Stipulation of Settlement, Andersen confronted substantial litigation

10  claims and other contingencies which caused it to suspend all payments on the Notes and

11  rendered it highly uncertain whether, when, or to what extent Andersen would be in a position to

12  make any repayments with respect to the Notes.  As such, at the time of the initial settlement

13  with Andersen, neither Lead Plaintiff nor Andersen could have predicted with any certainty that

14  Andersen would be in a position to make any repayments with respect to the Notes that would

15  trigger an obligation on Andersen's part to make any further settlement payment to the

16  McKesson Class.

17       4.     No other single legal action against Andersen produced a settlement with a Net

18  Cash Payment exceeding $72.5 million that would trigger the second contingent payment

19  obligation, but by the latter part of 2011, Andersen anticipated that it could be in a position to

20  make some repayments with respect to the Notes.  The ultimate amounts of any such repayments

21  with respect to the Notes, the number of such repayments, and the time period over which any

22  such repayments would be made, however, are still unknown and may not become known for

23  years.

---

JOINT DECLARATION OF JEFFREY W. GOLAN AND JOHN C. BROWNE
Master File No: C99-20743 RMW-PVT                                          -3-

5.     In view of Andersen's anticipation that it would be in a position to make some repayments with respect to the Notes, the Parties entered into a series of due diligence efforts and negotiations beginning in late October 2011 and continuing through September 2012 to ascertain whether Lead Plaintiff and Andersen could reach a resolution of the Contingent Loan Repayment Obligation for a fixed amount. Such a resolution, subject to approval of the Court, would allow a single distribution to members of the McKesson Class that had cashed their earlier distribution payments, without requiring the class to continue to wait for a payment on the Contingent Payment Claim.

6.     The issues surrounding the Contingent Payment Claim were complex, necessitating multiple negotiating and due diligence sessions between the Parties. As part of these negotiations, Andersen shared with Lead Plaintiff and Lead Counsel certain information concerning its assets, liabilities, income and contingencies, and Lead Counsel further retained a valuation consultant to assist in seeking to ascertain when, if, and in what amounts Andersen may be able to make repayments on the Notes. Specifically, Lead Counsel retained Conway, Del Genio, Gries & Co. ("CDG"), the same expert consulting firm that was used to perform due diligence and analysis of Andersen's financial condition at the time of the 2006 settlement with Andersen. While it became clear during the negotiation sessions that Andersen would have some funds left to make repayments to its Note holders, it was also clear that the amount and timing of those payments remained highly uncertain.

7.     At the conclusion of the negotiations, the Parties reached an agreement pursuant to which Andersen would make a further payment of $9.5 million for the benefit of the McKesson Class, in exchange for a full release of the contingent payment claims that had been negotiated as part of the initial Stipulation of Settlement. This recovery pushes the total recovery

1    from Andersen for the benefit of the McKesson Class to $82 million, resolves the only remaining

2    outstanding recovery issue in this case, and importantly also resolves the Contingent Payment

3    Claim in a way that provides a known, certain, and immediate payment to members of the

4    McKesson Class, rather than the alternative of a series of payments being made to class members

5    in uncertain amounts, and at intermittent times, potentially over the next three to five years.

6         8.      The Settlement takes into account the substantial risks and obstacles associated

7    with the continuing uncertainty as to the amount that could be recovered pursuant to the

8    Contingent Payment Claim and the possibility that such recovery might be delayed for years.

9    Significantly, Lead Plaintiff, NYSCRF, which has previously demonstrated itself to be an active

10   and well-qualified lead plaintiff, participated with Lead Counsel in the negotiating and due

11   diligence sessions with Andersen and fully supports approval of the Settlement.  Further, Lead

12   Counsel is highly experienced in these matters, and we also view this Settlement as highly

13   favorable.

14        9.      As this Court is aware, NYSCRF also served as the Lead Plaintiff in an action in

15   the U.S. District Court for the Southern District of New York entitled *In re WorldCom, Inc.*

16   *Securities Litigation*, No. 02-Civ. 3288 (DLC) ("*WorldCom*"), pending before the Honorable

17   Denise L. Cote, in which Andersen was also a defendant.  Lead Plaintiff negotiated settlements

18   of similar types of contingent claims existing in both *McKesson* and *WorldCom*.  Judge Cote

19   granted final approval of the settlement of the Contingent Payment Claim reached in the

20   *WorldCom* case respecting Andersen on December 14, 2012.  *See* Exhibit A attached hereto

21   (*WorldCom* Final Approval Order).

22        10.     Lead Counsel seek an award of attorneys' fees of $134,930.00, or 1.42% of the

23   Settlement Amount, which is the same percentage approved by Judge Cote with respect to the

settlement of the Contingent Payment Claim with Andersen in *WorldCom*. *See* Exhibit B attached hereto. The requested attorneys' fees award represents a multiplier of 1.16 based on the 184.25 hours that Lead Counsel spent on this project through December 31, 2012, resulting in a lodestar of $116,125.00. The hours and lodestar amount reflect 20% of Lead Counsel's total time spent in negotiating and resolving the Contingent Payment Claim with respect to both this case and *WorldCom* (Lead Plaintiff authorized Lead Counsel to attribute 20% of their total lodestar to this case and 80% of their total lodestar to *WorldCom*, in proportion to the total recovery achieved in each case), as well as additional time spent with respect to obtaining final approval of this Settlement.

11.     Lead Counsel also seek reimbursement of their out-of-pocket expenses incurred in connection with the prosecution and resolution of this Action that were not previously reimbursed, as well as the additional expenses incurred by Lead Counsel in connection with achieving this Settlement, in the total amount of $37,885.46. This amount is within the $40,000.00 limit set forth in the Notice to the McKesson Class, and includes the proportional cost of Lead Counsel's valuation expert, CDG, as well as other unreimbursed costs incurred in the Litigation such as expenses for on-line legal research, out-of-town travel, photocopying, postage/express mail, and telephone/facsimile costs. A summary of these expenses by category is set forth in Exhibit C attached hereto.

12.     As with the substantive terms of the Settlement, the fee award requested by Lead Counsel has been approved by Lead Plaintiff after NYSCRF's consideration of both the percentage requested and the lodestar multiplier it represents. NYSCRF has also approved Lead Counsel's application for reimbursement of their expenses.

1      We declare under penalty of perjury that the foregoing is true and correct to the best of

2  our personal knowledge, information and belief.

3

4  Dated this 3 day of January 2013                                 

                                           JEFFREY W. GOLAN

5

6  Dated this __ day of January 2013                                

7                                      JOHN C. BROWNE

8                                     Attorneys for Lead Plaintiff NYSCRF and
                                     Co-Lead Counsel for the Class

9

10  #695383.6

11

12

13

14

15

16

17

18

19

20

21

22

23

1         We declare under penalty of perjury that the foregoing is true and correct to the best of

2   our personal knowledge, information and belief.

3

4   Dated this ___ day of January 2013

                                 JEFFREY W. GOLAN

5

6   Dated this _4th_ day of January 2013

                                 JOHN C. BROWNE

7

8                                 Attorneys for Lead Plaintiff NYSCRF and
                                 Co-Lead Counsel for the Class

9

10  #695383.6

11

12

13

14

15

16

17

18

19

20

21

22

23

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE WORLDCOM, INC.<br>SECURITIES LITIGATION | : | MASTER FILE NO.<br>02 Civ. 3288 (DLC) |

This Document Relates to:

| 02 Civ. 3288 | 02 Civ. 4973 | 02 Civ. 8230 |
|---|---|---|
| 02 Civ. 3416 | 02 Civ. 4990 | 02 Civ. 8234 |
| 02 Civ. 3419 | 02 Civ. 5057 | 02 Civ. 9513 |
| 02 Civ. 3508 | 02 Civ. 5071 | 02 Civ. 9514 |
| 02 Civ. 3537 | 02 Civ. 5087 | 02 Civ. 9515 |
| 02 Civ. 3647 | 02 Civ. 5108 | 02 Civ. 9516 |
| 02 Civ. 3750 | 02 Civ. 5224 | 02 Civ. 9519 |
| 02 Civ. 3771 | 02 Civ. 5285 | 02 Civ. 9521 |
| 02 Civ. 4719 | 02 Civ. 8226 | 03 Civ. 2841 |
| 02 Civ. 4945 | 02 Civ. 8227 | 03 Civ. 3592 |
| 02 Civ. 4946 | 02 Civ. 8228 | 03 Civ. 6229 |
| 02 Civ. 4958 | 02 Civ. 8229 | |



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12|14|12

## JUDGMENT APPROVING SETTLEMENT WITH ARTHUR ANDERSEN LLP OF CONTINGENT PAYMENT CLAIM

DENISE COTE, District Judge

On the 14th day of December, 2012, a hearing having been held before this Court to determine (1) whether the terms and conditions of the Agreement Between Lead Plaintiff and Arthur Andersen LLP Concerning Contingent Payment Claim, dated September 27, 2012 (the "Agreement") are fair, reasonable and adequate for the settlement of all claims against Andersen with respect to paragraph 1.gg. of the Stipulation of Settlement between Lead Plaintiff and Andersen dated April 22, 2005 (the "WorldCom Stipulation of Settlement"); and (2) whether judgment should be entered and the WorldCom Settled Claim, as defined below, should be released in favor of Andersen and the other Settling Defendant Releasees, as defined below, as against all WorldCom Class Members who were not excluded from the WorldCom Class;

1

And it appearing that the Notice of the hearing substantially in the form approved by the Court was published on the case website maintained by Lead Counsel as well as Lead Counsel's firm websites and the Summary Notice was mailed in accordance with the provisions of the Order of this Court preliminarily approving the Settlement and providing for notice dated October 2, 2012 and was published over the *PR Newswire*, pursuant to the specifications of the Court;

And the Court, having considered all matters submitted to it at the hearing, along with all prior submissions by the parties to the Settlement and others, and otherwise having determined the fairness, reasonableness and adequacy of the Settlement;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Agreement and the WorldCom Stipulation of Settlement, and all capitalized terms used herein have the same meanings as set forth in the Agreement or the WorldCom Stipulation of Settlement.

2.      This Court has jurisdiction over the subject matter of this Litigation and over all members of the WorldCom Class (the "Class").

3.      The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Class. The parties to the Settlement are directed to consummate the Settlement in accordance with the terms and provisions of the Agreement.

4.      The Court reaffirms that all elements for maintenance of this Litigation as a class action have been met. Specifically, the Class satisfies the numerosity requirement of Rule 23(a)(1); there are common issues of fact and law sufficient to satisfy Rule 23(a)(2); the claims of the Plaintiffs are typical of the claims of absent members of the Class, satisfying Rule 23(a)(3); the Plaintiffs and Plaintiffs' counsel are adequate representatives of the Class,

satisfying Rule 23(a)(4); common issues predominate over individual issues, satisfying Rule 23(b)(3)(i); and class action treatment of this Litigation is a superior method of proceeding in this matter, satisfying Rule 23(b)(3)(ii). A more detailed explanation of the bases for these conclusions, which remain the conclusions of the Court, is contained in the Opinion and Order of October 24, 2003. *See In re WorldCom, Inc. Securities Litigation*, 219 F.R.D. 267 (S.D.N.Y. Oct. 24, 2003).

5.     The Class consists of all purchasers or acquirers of publicly traded securities of WorldCom during the period from April 29, 1999 through and including June 25, 2002 (the "Class Period"), and who were injured thereby. The Class includes persons or entities who acquired shares of WorldCom common stock by any method, including but not limited to in the secondary market, in exchange for shares of acquired companies pursuant to a registration statement, or through the exercise of options including options acquired pursuant to employee stock plans, and persons or entities who acquired debt securities of WorldCom in the secondary market or pursuant to a registration statement, and who were injured thereby.

6.     Excluded from the Class are: (i) defendants in the Litigation; (ii) members of the family of each individual defendant; (iii) any entity in which any defendant in the Litigation has a controlling interest; (iv) officers and directors of WorldCom and its subsidiaries and affiliates; and (iv) the legal representatives, heirs, successors or assigns of any such excluded party. Also excluded from the Class are all persons and entities who timely filed a valid request for exclusion from the Class. The exclusion of "any entity in which any defendant in the Litigation has a controlling interest" means that any such entity is excluded from the Class to the extent that the entity itself had a proprietary (*i.e.*, for its own account) interest in WorldCom common stock or debt securities. In the event that any such entity beneficially owned WorldCom common stock

3

or debt securities in a fiduciary capacity or otherwise held WorldCom common stock or debt securities on behalf of third party clients or any employee benefit plans that otherwise fall within the class, such third party clients and employee benefit plans shall not be excluded from the Class, irrespective of the identity of the entity or person in whose name the WorldCom common stock or debt securities were beneficially owned or otherwise held.  For example, WorldCom common stock or debt securities shall not be excluded from the Class to the extent held (i) in a registered or unregistered investment company (including a unit investment trust) for which an entity in which any defendant in the Litigation has a controlling interest serves as investment manager, investment adviser or depositor; or (ii) (a) in a life insurance company separate account, or (b) in a segment or subaccount of a life insurance company's general account to the extent associated with insurance contracts under which the insurer's obligation is determined by the investment return and/or market value of the assets held in such segment or subaccount.  A defendant shall be deemed to have a "controlling interest" in an entity if such defendant has a beneficial ownership interest, directly or indirectly, in more than 50% of the total outstanding voting power of any class or classes of capital stock that entitle the holders thereof to vote in the election of members of the Board of Directors of such entity.  "Beneficial ownership" shall have the meaning ascribed to such term under Rule 13d-3 of the Securities Exchange Act of 1934, as amended, or any successor statute or statutes thereto.

7.      "WorldCom Settled Claim" means the claim of Lead Plaintiff and the WorldCom Class set forth in paragraph 1.gg. of the WorldCom Stipulation of Settlement.

8.      "Settling Defendant Releasees" means (i) Arthur Andersen LLP; (ii) AWSC Societe Cooperative, en liquidation; (iii) the respective past and present subsidiaries, parents, successors and predecessors, member firms, affiliates, related entities, and divisions of the

entities described in (i) and (ii) hereinabove; (iv) the respective past and present shareholders, members, partners, principals, participating principals, national directors, managing or other agents, management personnel, advisors, officers, directors, administrators, attorneys, consultants, accountants, servants, employees, and representatives of any other kind (and any officers, directors, members or shareholders of any of the foregoing which are not natural persons) of the entities described in (i), (ii), and (iii) hereinabove, in their capacities as such; (v) all heirs, spouses, estates, executors, administrators, successors, and assigns of the entities described in (iv) hereinabove, in their capacities as such; and (vi) insurers and reinsurers of those identified in (i), (ii) and (iii) hereinabove, in their capacities as insurers or reinsurers of those identified in such paragraphs with respect to claims relating to this case.

9.    As of the Effective Date, Lead Plaintiff, all WorldCom Class Members and their respective heirs, executors, administrators, successors and assigns, and any persons they represent, release, and by operation of this Judgment shall have released, the WorldCom Settled Claim against the Settling Defendant Releasees.

10.    As of the Effective Date, Lead Plaintiff, all WorldCom Class Members and their respective heirs, executors, administrators, successors and assigns, and any persons they represent, will be forever barred and enjoined from commencing, instituting or prosecuting any action against the Settling Defendant Releasees with respect to, based on, or arising from the WorldCom Settled Claim.

11.    Neither the Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement: (i) is or may be deemed to be or may be used or offered as an admission or evidence of the validity of any released WorldCom Settled Claim or of any wrongdoing or liability of any Settling Defendant

Releasee; or (ii) is or may be deemed to be or may be used or offered as an admission or evidence of any fault or omission of any Settling Defendant Releasee in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than as may be necessary to consummate or enforce the Agreement, the Settlement or this Judgment.

12.     Neither the Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement: (i) is or may be deemed to be or may be used or offered as an admission or evidence against Lead Plaintiff or any WorldCom Class Members that any of their claims are without merit or that the Contingent Payment Claim recoverable under paragraph 1.gg. of the WorldCom Stipulation of Settlement would not have exceeded the WorldCom Settlement Amount; or (ii) is or may be deemed to be or may be used or offered as an admission or evidence of any fault or omission of Lead Plaintiff or any WorldCom Class Members in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than as may be necessary to consummate or enforce the Agreement, the Settlement or this Judgment.

13.     Exclusive jurisdiction is hereby retained over the parties and the WorldCom Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation or enforcement of the Agreement and this Judgment. Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the WorldCom Settlement Amount; (c) any motion by Lead Counsel for an award of attorneys' fees and reimbursement of expenses that will be paid from the WorldCom Settlement Amount; and (d) the Class Members for all matters relating to the Litigation.

14.    A separate order shall be entered regarding Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses. Such order shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15.    Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate this Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of WorldCom Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Andersen may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.    If the Effective Date does not occur, the Settlement is terminated as provided in the Agreement, or the WorldCom Settlement Amount is not deposited by Andersen or is subsequently required to be returned, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Agreement.

17.    There is no just reason to delay entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED:

Dated:    New York, New York
          _December 14_, 2012

_____
DENISE COTE
United States District Judge

7

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE WORLDCOM, INC.<br>SECURITIES LITIGATION | MASTER FILE NO.<br>02 Civ. 3288 (DLC) |

This Document Relates to:

| | | |
|---|---|---|
| 02 Civ. 3288 | 02 Civ. 4973 | 02 Civ. 8230 |
| 02 Civ. 3416 | 02 Civ. 4990 | 02 Civ. 8234 |
| 02 Civ. 3419 | 02 Civ. 5057 | 02 Civ. 9513 |
| 02 Civ. 3508 | 02 Civ. 5071 | 02 Civ. 9514 |
| 02 Civ. 3537 | 02 Civ. 5087 | 02 Civ. 9515 |
| 02 Civ. 3647 | 02 Civ. 5108 | 02 Civ. 9516 |
| 02 Civ. 3750 | 02 Civ. 5224 | 02 Civ. 9519 |
| 02 Civ. 3771 | 02 Civ. 5285 | 02 Civ. 9521 |
| 02 Civ. 4719 | 02 Civ. 8226 | 03 Civ. 2841 |
| 02 Civ. 4945 | 02 Civ. 8227 | 03 Civ. 3592 |
| 02 Civ. 4946 | 02 Civ. 8228 | 03 Civ. 6229 |
| 02 Civ. 4958 | 02 Civ. 8229 | |



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12|14|2012

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

This matter came on for hearing on December 14, 2012 (the "Settlement Hearing") on Lead Counsel's motion to determine whether and in what amount to award Lead Counsel attorneys' fees and reimbursement of expenses in connection with the Settlement of Contingent Payment Claim with Arthur Andersen LLP. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that the Notice of the Settlement Hearing substantially in the form approved by the Court was published on the case website maintained by Lead Counsel as well as Lead Counsel's firm websites, and the Summary Notice of the Settlement Hearing substantially in the form approved by the Court was transmitted over the *PR Newswire* pursuant to the specifications of the Court and was mailed to all WorldCom Class Members who had submitted valid Claim Forms in the action and who had cashed all prior

distribution checks; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    This Order incorporates by reference the definitions in the Agreement Between Lead Plaintiff and Arthur Andersen LLP Concerning Contingent Payment Claim, dated September 27, 2012 (the "Agreement") and the Stipulation of Settlement between Lead Plaintiff and Andersen dated April 22, 2005 (the "WorldCom Stipulation of Settlement") and all terms not otherwise defined herein shall have the same meanings as set forth in the Agreement or the WorldCom Stipulation of Settlement.

2.    The Court has jurisdiction to enter this Order and over the subject matter of the Litigation and all parties to the Litigation, including all members of the WorldCom Class (the "Class").

3.    Notice of Lead Counsel's application for attorneys' fees and reimbursement of expenses was posted on www.worldcomlitigation.com and Lead Counsel's websites, www.blbglaw.com and www.barrack.com; transmitted over the *PR Newswire*; and mailed to all WorldCom Class Members who had submitted valid Claim Forms in the action and who had received and cashed all prior distribution checks and thus, pursuant to prior Order of the Court, are eligible to receive additional distributions. The form and method of notifying the Class of the application for attorneys' fees and expenses satisfied the requirements of Rule 23(h) of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.    Lead Counsel is hereby awarded attorneys' fees in the amount of $ 539,720.00, which sum the Court finds to be fair and reasonable, and $ 86,250.68 in reimbursement of

expenses, which fees and expenses shall be paid to Lead Counsel from the WorldCom Settlement Amount.

     5.    In making this award of attorneys' fees and reimbursement of expenses to be paid from the WorldCom Settlement Amount, the Court has considered and found that:

     (a)    The $38 million cash Settlement will provide a substantial benefit to members of the Class;

     (b)    The fee sought by Lead Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Lead Plaintiff, a sophisticated institutional investor that was substantially involved in all aspects of the Litigation;

     (c)    Copies of the Summary Notice were mailed to over 347,000 WorldCom Class Members or their agents stating that Lead Counsel would apply for attorneys' fees in an amount of $539,720 and reimbursement of expenses in an amount not to exceed $100,000, and there are no objections to the requested award of attorneys' fees or expenses;

     (d)    Lead Counsel has conducted the Litigation and achieved the Settlement with skill, perseverance and diligent advocacy; and

     (e)    The amount of attorneys' fees awarded and expenses to be reimbursed from the WorldCom Settlement Amount are fair and reasonable.

     6.    Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

     7.    Exclusive jurisdiction is hereby retained over the parties and the WorldCom Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

8.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

9.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.


SO ORDERED:

Dated:     New York, New York
           December 4, 2012

                                        _____
                                        DENISE COTE
                                        United States District Judge

# Exhibit C

*In re McKesson HBOC, Inc. Securities Litigation*
**Master File No. 99-CV-20743 RMW-(PVT)**

**EXHIBIT C**

**EXPENSE REPORT**

| CATEGORY | AMOUNT |
|---|---|
| Court Service & Transcripts of Proceedings | $    941.70 |
| On-Line Research | 1,714.95 |
| Telephones/Faxes | 858.93 |
| Postage/Express Mail/Couriers | 10,101.71 |
| Copying | 7,011.45 |
| Out of Town Travel | 4,094.47 |
| Document Storage & Retrieval | 162.25 |
| Valuation Consultant | 13,000.00 |
|  |  |
| **TOTAL EXPENSES:** | **$37,885.46** |

# 696155