UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re McKESSON HBOC, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No. 99-CV-20743 RMW (PVT)<br>And Related Cases<br><br>CLASS ACTION |

**[] JUDGMENT APPROVING SETTLEMENT**
**WITH ARTHUR ANDERSEN LLP OF CONTINGENT PAYMENT CLAIM**

On the 8th day of February, 2013, a hearing was held before this Court to determine (1) whether the terms and conditions of the Agreement Between Lead Plaintiff and Arthur Andersen LLP Concerning Contingent Payment Claim, dated November 6, 2012 (the "Agreement") are fair, reasonable and adequate for the settlement of all claims against Arthur Andersen LLP ("Andersen" or "AALLP") with respect to Definition (z) of the Stipulation of

---

[] JUDGMENT APPROVING SETTLEMENT WITH
ARTHUR ANDERSEN LLP OF CONTINGENT PAYMENT CLAIM
Master File No: 99-CV-20743 RMW (PVT)

Settlement between Lead Plaintiff and Andersen dated December 19, 2006 (the "McKesson Stipulation of Settlement"); and (2) whether judgment should be entered and the McKesson Settled Claim, as defined below, should be released in favor of Andersen and the other Andersen Released Persons, as defined below, as against all McKesson Class Members who were not excluded from the McKesson Class;

And it appearing that the Notice of the hearing substantially in the form approved by the Court was published on the case website maintained by the Claims Administrator as well as Lead Counsel's firm websites, and the Summary Notice was mailed in accordance with the provisions of the Order of this Court preliminarily approving the Settlement and providing for notice dated November 28, 2012 and was published over the *PR Newswire*, pursuant to the specifications of the Court;

And the Court, having considered all matters submitted to it at the hearing, along with all prior submissions by the parties to the Settlement and others, and otherwise having determined the fairness, reasonableness and adequacy of the Settlement;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Agreement and the McKesson Stipulation of Settlement, and all capitalized terms used herein have the same meanings as set forth in the Agreement or the McKesson Stipulation of Settlement.

2. This Court has jurisdiction over the subject matter of this Litigation and over all members of the McKesson Class (the "Class").

3. The Settlement, including the release in Paragraph 4 of the Agreement concerning the Contingent Payment Claim, is approved as fair, reasonable and adequate, and in the best

interests of the Class. The parties to the Settlement are directed to consummate the Settlement in accordance with the terms and provisions of the Agreement.

4. The Court reaffirms that all elements for maintenance of this Litigation as a class action have been met as originally set forth in the Final Judgment and Order of Dismissal in this action dated April 13, 2007 (the "April 13, 2007 Judgment") [Docket No. 1562]. Specifically, the Class satisfies the numerosity requirement of Rule 23(a)(1); there are common issues of fact and law sufficient to satisfy Rule 23(a)(2); the claims of the Lead Plaintiff are typical of the claims of absent Class Members, satisfying Rule 23(a)(3); the Lead Plaintiff is an adequate representative of the Class, satisfying Rule 23(a)(4); and common issues predominate over individual issues and class action treatment of this Litigation is a superior method of proceeding in this matter, satisfying Rule 23(b)(3).

5. The Class consists of all persons and entities who purchased or otherwise acquired publicly traded securities of HBO & Company ("HBOC") during the period from January 20, 1997 through and including January 12, 1999, and all persons or entities who purchased or otherwise acquired call options or sold put options of HBOC during the period from January 20, 1997 through and including April 27, 1999, and who were injured thereby; all persons and entities who purchased or otherwise acquired publicly traded securities or call options, or who sold put options, of McKesson or of McKesson HBOC, Inc. during the period from October 18, 1998 through and including April 27, 1999, and who were injured thereby; and all persons and entities who held McKesson common stock on November 27, 1998 and still held those shares on January 12, 1999 and who were injured thereby. Excluded from the Class are: (i) all present and former defendants; (ii) members of the immediate family of each individual defendant; (iii) any entity in which any defendant has a controlling interest; (iv) any person who

was an officer or a director of HBOC or McKesson (or their subsidiaries or affiliates) during the Settlement Class Period; (v) any person who was an officer, director, employee or affiliate of Bear Stearns & Co. Inc. ("Bear Stearns") during the Settlement Class Period; (vi) any person who was a partner in Andersen during the Settlement Class Period; and (vii) the legal representatives, heirs, successors or assigns of any such excluded party. "Officer of HBOC or McKesson" means any person employed by HBOC or McKesson who held a position at or above the level of assistant vice president. Also excluded from the Class are all the Persons and entities listed on Exhibit A to the April 13, 2007 Judgment.

6. "McKesson Settled Claim" means the claim of Lead Plaintiff and the McKesson Class set forth in Definition (z) of the McKesson Stipulation of Settlement including Unknown Claims as set forth in Paragraph 1, Definition (m) of the Agreement.

7. "The Andersen Released Persons" means AALLP, AWSC Société Cooperative, en liquidation ("AWSC"), an entity which coordinated a network of international accounting firms of which AALLP was a member (the "Andersen Network"), the Andersen Network, and all of their respective past, present and future members, member firms, partners, principals, participating principals, national directors, managing or other agents, management personnel, officers, directors, shareholders, administrators, servants, employees, consultants, advisors, insurers, reinsurers, attorneys, accountants, representatives, parent companies, subsidiaries, related entities, divisions, affiliates, predecessors, successors and assigns, along with the heirs, spouses, estates, executors, administrators, personal representatives, insurers, reinsurers, representatives, estates, successors, and assigns of any such Person.

8. As of the Effective Date, Lead Plaintiff, all McKesson Class Members and their respective heirs, executors, administrators, successors and assigns, and any persons they

represent, release, and by operation of this Judgment shall have released, the McKesson Settled Claim against The Andersen Released Persons.

9. As of the Effective Date, Lead Plaintiff, all McKesson Class Members and their respective heirs, executors, administrators, successors and assigns, and any persons they represent, will be forever barred and enjoined from commencing, instituting or prosecuting any action against The Andersen Released Persons with respect to, based on, or arising from the McKesson Settled Claim.

10. Neither the Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement: (i) is or may be deemed to be or may be used or offered as an admission or evidence of the validity of any released McKesson Settled Claim or of any wrongdoing or liability of any Andersen Released Person; or (ii) is or may be deemed to be or may be used or offered as an admission or evidence of any fault or omission of any Andersen Released Person in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than as may be necessary to consummate or enforce the Agreement, the Settlement or this Judgment.

11. Neither the Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement: (i) is or may be deemed to be or may be used or offered as an admission or evidence against Lead Plaintiff or any McKesson Class Members that any of their claims are without merit or that the Contingent Payment Claim recoverable under Definition (z) of the McKesson Stipulation of Settlement would not have exceeded the McKesson Settlement Amount; or (ii) is or may be deemed to be or may be used or offered as an admission or evidence of any fault or omission of Lead Plaintiff or any McKesson Class Members in any civil, criminal or administrative proceeding in any court,

administrative agency or other tribunal, other than as may be necessary to consummate or enforce the Agreement, the Settlement or this Judgment.

12. Exclusive jurisdiction is hereby retained over the parties and the McKesson Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation or enforcement of the Agreement and this Judgment. Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the McKesson Settlement Amount; (c) any motion by Lead Counsel for an award of attorneys' fees and reimbursement of expenses that will be paid from the McKesson Settlement Amount; and (d) the McKesson Class Members for all matters relating to the Litigation.

13. A separate order shall be entered regarding Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses. Such order shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

14. Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate this Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of McKesson Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Andersen may agree to reasonable extensions of time to carry out any provisions of the Settlement.

15. If the Effective Date does not occur, the Settlement is terminated as provided in the Agreement, or the McKesson Settlement Amount is not deposited by Andersen or is subsequently required to be returned, then this Judgment (and any orders of the Court relating to

the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Agreement.

  16. There is no just reason to delay entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: _____, 2013

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

[] JUDGMENT APPROVING SETTLEMENT WITH
ARTHUR ANDERSEN LLP OF CONTINGENT PAYMENT CLAIM   -7-
Master File No: 99-CV-20743 RMW (PVT)