UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re McKESSON HBOC, INC. SECURITIES LITIGATION | Master File No. 99-CV-20743 RMW (PVT) And Related Cases |
| | <u>CLASS ACTION</u> |
| This Document Relates To:<br><br>    ALL ACTIONS. | |

### **[] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES**

This matter came on for hearing on February 8, 2013 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses in connection with the Settlement of Contingent Payment Claim with Arthur Andersen LLP. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that the Notice of the Settlement Hearing substantially in the form approved by the Court was published on the website maintained for the case, as well as Lead Counsel's firm websites, and

[] ORDER AWARDING
ATTORNEYS' FEES AND EXPENSES
Master File No: 99-CV-20743 RMW (PVT)

the Summary Notice of the Settlement Hearing substantially in the form approved by the Court was transmitted over the *PR Newswire* pursuant to the specifications of the Court and was mailed to all McKesson Class Members who had submitted valid Claim Forms in the action and who had cashed their most recent distribution checks; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Agreement Between Lead Plaintiff and Arthur Andersen LLP Concerning Contingent Payment Claim, dated November 6, 2012 (the "Agreement") and the Stipulation and Agreement of Settlement between Lead Plaintiff and Andersen dated December 19, 2006 (the "McKesson Stipulation of Settlement") and all terms not otherwise defined herein shall have the same meanings as set forth in the Agreement or the McKesson Stipulation of Settlement.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Litigation and all parties to the Litigation, including all members of the McKesson Class (the "Class").

3. Notice of Lead Counsel's application for attorneys' fees and reimbursement of expenses was posted on www.mckessonhbocsettlement.com and Lead Counsel's websites, www.blbglaw.com and www.barrack.com; transmitted over the *PR Newswire*; and mailed to all McKesson Class Members who had submitted valid Claim Forms in the action and who had cashed their most recent prior distribution and, thus, are currently eligible to receive additional distributions. The form and method of notifying the Class of the application for attorneys' fees and expenses satisfied the requirements of Rule 23(h) of the Federal Rules of Civil Procedure,

1  due process, and all other applicable law and rules, and constituted due and sufficient notice to
2  all persons and entities entitled thereto.

3      4.    Lead Counsel is hereby awarded attorneys' fees in the amount of $_____,
4  which sum the Court finds to be fair and reasonable, and $_____ in reimbursement of
5  expenses, which fees and expenses shall be paid to Lead Counsel from the McKesson Settlement
6  Amount.

7      5.    In making this award of attorneys' fees and reimbursement of expenses to be paid
8  from the McKesson Settlement Amount, the Court has considered and found that:

9      (a)    The $9.5 million cash Settlement will provide a substantial benefit to
10 members of the Class;

11     (b)    The fee sought by Lead Counsel has been reviewed and approved as fair
12 and reasonable by the Court-appointed Lead Plaintiff, a sophisticated institutional investor that
13 was substantially involved in all aspects of the Litigation;

14     (c)    Copies of the Summary Notice were mailed to all McKesson Class
15 Members who had submitted valid Claim Forms in the action and who had cashed their most
16 recent prior distribution stating that Lead Counsel would apply for attorneys' fees in an amount
17 of $134,930 and reimbursement of expenses in an amount not to exceed $40,000, and there are
18 no objections to the requested award of attorneys' fees or expenses;

19     (d)    Lead Counsel has conducted the Litigation and achieved the Settlement
20 with skill, perseverance and diligent advocacy; and

21     (e)    The amount of attorneys' fees awarded and expenses to be reimbursed
22 from the McKesson Settlement Amount are fair and reasonable.

23

24 [] ORDER AWARDING
ATTORNEYS' FEES AND EXPENSES    -3-
25 Master File No: 99-CV-20743 RMW (PVT)

6. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

7. Exclusive jurisdiction is hereby retained over the parties and the McKesson Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation or enforcement of the Agreement and this Order.

8. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Agreement.

9. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

Dated: _____, 2013

_____
RONALD M. WHYTE
United States District Judge

[] ORDER AWARDING
ATTORNEYS' FEES AND EXPENSES
Master File No: 99-CV-20743 RMW (PVT)

-4-